# ST. LOUIS LAND AND BUILDING ASSOCIATION, Appellant, v. FUELLER et al.

## Division Two, May 31, 1904.

1. **DEED TO TRUSTEE: Power of Sale in Life Tenant: Rights of Remaindermen.** The deed named Edwin as party of the second part and his wife Jane as party of the third part, and "bargained and sold to said party of the second part and to his successors in trust as hereinafter mentioned" certain lands. The habendum clause was: "To have and to hold the same to him the said party of the second part and to his successors in trust and assigns forever; in trust, however, for the sole and separate use and benefit of said party of the third part for and during her natural life and after her death to the heirs of the said party of the second part, provided, however, that said party of the second part may and shall, upon the written order of said party of the third part, sell, convey, mortgage or otherwise incumber the same in such manner and by the execution and delivery of such instrument of writing as she, the said party of the third party, may, in writing, signed, sealed and acknowledged by her, direct." The said Edwin died leaving five children, and thereafter the duly appointed trustee, upon the writ-

ten direction of the said Jane, conveyed a part of the tract to defendant, and thereafter the plaintiff acquired the interest of one of the children of the said Edwin. *Held,* that the power given by the deed to the said Jane to "sell, convey, mortgage or otherwise encumber" the land, gave her power not only to sell her life interest, but the land itself, and when she exercised that power she cut out all interests which the remaindermen would have had had she not exercised that power.

2. ———: ———: **Power of Disposal.** A deed may give a life estate to the first taker, with the additional power in such life tenant to sell the whole.

3. ———: ———: **Meaning of Sell and Convey.** It is a matter of common knowledge that the power to "sell and convey" real estate means the power to sell and convey it entirely and absolutely. In the absence of appropriate words limiting and restricting the meaning of those words, they will be held to mean a power to convey the fee.

4. ———: ———: **Construction of Deed.** Where a deed grants the life tenant power to sell and convey the land, that construction should be adopted which will not render the grant meaningless. The construction should be adopted that renders the grant of the power operative rather than a construction which gives the grantee no greater power than he would have had had not the power been given.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Geo. W. Taussig, Bishop & Cobbs* and *Albert E. Hausman* for appellant.

(1) The deed from Goff to Van Sycle, trustee, vested in Jane O. Van Sycle an estate for life, the same being created by apt, technical words, with remainder to the heirs of Edwin R. Van Sycle. "Where a life estate is expressly created, either by will or deed, a power of disposal does not enlarge the estate to one in fee simple. The power of disposition is limited to such a disposition as a tenant for life can make." Redman v. Borger, 118 Mo. 568; Reinders v. Koppleman, 68 Mo. 482; Gregory v. Cowgill, 19 Mo. 415; Harbison v. James,

90 Mo. 411; Bone v. Tyrrel, 113 Mo. 175; Talbot v. Hamill, 151 Mo. 292; Brandt v. Coal Co., 93 U. S. 326; Giles v. Little, 104 U. S. 291; Smith v. Bell, 6 Peters 68; Petty v. Goolsby, 51 Ark. 65; Mansfield v. Shelton, 67 Conn.; Jones v. Jones, 66 Wis. 310; 4 Kent Comm., star p. 535; 2 Preston on Estates, 82; Bean v. Kenmuir, 86 Mo. 666. (2) The consideration for the transfer from Goff to Edwin R. Van Sycle, $12,500, was paid by Edwin R. Van Sycle; and the conveyance was evidently a conveyance to him in trust for his wife and children. "Both wills and deeds made by husbands in favor of their wives and children, in the absence of some express intent to the contrary, should be so construed as to give the wife a life estate, that she may manage and control the estate until her death, when the estate is to go in remainder to the children." Talbot v. Hamill, 151 Mo. 298; Bean v. Kenmuir, 86 Mo. 666. (3) Mrs. Van Sycle, defendant's grantee, has herself construed this deed as giving her children a remainder in the property, for she has, for a valuable consideration, purchased the interest of Wm. Wade Van Sycle, Clement L. Van Sycle and Geo. Van Sycle. "A deed may be construed in the light of the circumstances under which it was made, and the courts are not at liberty to disregard the construction given to it by the acts and conduct of the parties thereto." Jones v. De Lassus, 84 Mo. 544; Sedalia Br. Co. v. Water Works Co., 34 Mo. App. 49. (4) Plaintiff claiming an interest in real property is entitled to bring this action to determine the extent of its interest. Sec. 650, R. S. 1899.

*Kehr & Tittmann* for respondents.

(1) By the deed from James B. Goff and wife, dated February 4, 1874, the fee simple title to the property thereby conveyed was vested in Edwin R. Van Sycle, as trustee. The deed conveyed an equitable life estate in Jane O. Van Sycle, wife of Edwin R., with

remainder over, after her death, to the heirs of Edwin R., with power on the part of the trustee to convey the fee simple title at the written directions of said Jane O. Van Sycle, and with power on her part to direct such conveyance in fee.   The interest of the heirs of Edwin R. was contingent upon the non-exercise of that power prior to the death of Jane O. Van Sycle.   The power having been properly exercised, the deed from Rosenbrough, the substituted trustee, and Jane O. Van Sycle to Fueller, passed to him the fee simple title to the property thereby conveyed, and cut off the remainder. Jecko v. Taussig, 45 Mo. 167; Pendleton v. Bell, 32 Mo. 100; Ruby v. Barrett, 12 Mo. 7; Hardy v. Clarkson, 87 Mo. 171; Garland v. Smith, 164 Mo. 1; Walton v. Dumtra, 152 Mo. 497; Russell v. Eubanks, 84 Mo. 88; Greffet v. Willman, 114 Mo. 106; Kent v. Morrison, 153 Mass. 139; Underwood v. Cave, 176 Mo. 1.   (2)   To enable the donee of a power to convey the fee, it is not necessary, when it appears that the donor intended to authorize such a grant, that he should specify the estate to be conveyed as the estate in fee.   It is enough if the power be merely a power to sell.   Boyer v Allen, 76 Mo. 498; Gaven v. Allen, 100 Mo. 299; Heinhauser v. Decker, 38 N. J. Eq. 430; Wilson v. Troup, 7 Johns. Chy. 26; North v. Philbrook, 34 Me. 537; 18 Am. & Eng. Ency. of Law (1 Ed.), 904.

*Geo. W. Taussig, Bishop & Cobbs* and *Albert E. Hausman* for appellant in reply.

(1)   Respondent contends that a simple power to direct a conveyance, given to the holder of an equitable life estate, empowers the life tenant to direct a conveyance of the fee then outstanding in her trustee.   In support of his position he cites:   Jecko v. Taussig, 45 Mo. 167; Pendleton v. Bell, 32 Mo. 100; Ruby v. Barnett, 12 Mo. 7; Walton v. Dumtra, 152 Mo. 489; Russell v. Eubanks, 84 Mo. 88; Boyer v. Allen, 76 Mo. 498; Gaven v. Allen, 100 Mo. 299.   An examination of these cases

will show that in each and every one there is a plain, direct expression of such an intent, upon the part of the testator or grantee. In Jecko v. Taussig the *habendum* clause expressly gave Mrs. Hume the power to direct a conveyance of the fee. In Pendleton v. Bell, 32 Mo. 100, the "party of the second part" was given power to direct a disposition of the trust estate by will. The grantor could not have intended the life tenant to dispose of her life estate by will. The deed construed in Walton v. Dumtra, 152 Mo. 489, expressly gave power to the donee of the power to convey the fee. In Russell v. Eubanks, 84 Mo. 88, the language by which a power is superadded to the life estate is as follows: "To sell, to make deeds, and dispose of property as she may please." In Gaven v. Allen, 100 Mo. 297, the wife, Ellen Gaven, did not have a life estate. She had a qualified fee. The language passed upon in Boyer v. Allen, 76 Mo. 500, is: "I will and bequeath to my wife all my real estate, to do with as she shall wish for her own use while she continues my widow. I will that she shall sell one lot and apply the proceeds to her own use." As to the lot so described, Held, that the power of sale vested in her carried with it power to convey the fee. No one of these cases is identical with the case at bar. In no one of them is found an express life estate, created by apt and technical words, with remainder over to a stranger, such as is found in the case at bar. (2) In the brief of respondent we find the following paragraph: "It would be manifestly absurd to undertake to give the trustee, who has the fee, power to sell, convey, etc., Mrs. Van Sycle's life estate. She could do that herself and alone and without more. She needed no intervention of a trustee to do that." Quite to the contrary, we think it reasonable that the method of disposition of the life estate by the life tenant should be distinctly pointed out. The form of deed employed was the usual and customary, in fact, the universal form employed in 1874, to

convey an interest in real property to a married woman. The trustee as the holder of the entire estate, subject to the life estate of Jane O. Van Sycle, is the proper person to make such conveyances as Jane O. Van Sycle is empowered to authorize. He is also the person in whom the legal title to the remainder is vested.

FOX, J.—This is an action brought by plaintiff, St. Louis Land & Building Association, under section 650, Revised Statutes 1899, to ascertain the estate, title and interest of plaintiff in and to the parcel of land described in plaintiff's amended petition.

Plaintiff's amended petition states that on or about February 4, 1874, one James B. Goff conveyed to Edwin R. Van Sycle, as trustee for Jane O. Van Sycle, his wife, a certain parcel of land situated in the city of St. Louis, State of Missouri; that the consideration for the conveyance, $12,500, was paid by Edwin R. Van Sycle, the trustee, and by the terms of the conveyance the trustee and his successors in trust were to hold the land for the sole and separate use and benefit of Jane O. Van Sycle, for and during her natural life, and after her death for the heirs of Edwin R. Van Sycle; provided, however, that the said party of the second part (Edwin R. Van Sycle), may and shall, upon the written order of said party of the third part (Jane O. Van Sycle), sell, convey, mortgage or otherwise encumber the same in such manner and by the execution and delivery of such instrument of writing as she, the said party of the third part, may, in writing signed, sealed and acknowledged by her, direct. That Edwin R. Van Sycle subsequently died and James W. Rosenbrough was by the circuit court of St. Louis, on June 20, 1889, appointed his successor in trust. That on or about May 31, 1890, James W. Rosenbrough, trustee, at the written direction of Jane O. Van Sycle, conveyed by warranty deed part of the original tract here spoken of to John H. Fueller, defendant in this action. That Edwin R. Van Sycle

left surviving him the following children:   Edwin
R. Van Sycle, Clement L. Van Sycle, George C.
Van Sycle, William Wade Van Sycle, and Mary. Olive
Van Sycle, now the wife of John Lacey.   That on Feb-
ruary 12, 1892, Edwin R. Van Sycle (the younger) and
Rosa, his wife, conveyed to Geo. W. Taussig an undi-
vided one-half of all their interest in and to the tract
of land conveyed by Goff to Edwin R. Van Sycle, by
deed above referred to, dated February 4, 1874.   That
on January 6, 1893, Edwin R. Van Sycle (the younger)
and Rosa, his wife, conveyed to plaintiff, St. Louis Land
& Building Association, all their remaining interest in
and to the land in question.   That on — day of Novem-
ber, 1900, Geo. W. Taussig and Anna, his wife, conveyed
to plaintiff, St. Louis Land & Building Association, all
their right, title and interest in and to the land conveyed
by Goff to Edwin R. Van Sycle by deed of February 4,
1874.

That William Wade Van Sycle, Clement L. Van
Sycle and George C. Van Sycle have conveyed all their
right, title and interest in the said property to Jane O.
Van Sycle.   That Mary Olive, now the wife of John
Lacey, has not sold or conveyed her interest in said
property, but is still entitled to the same; that she has
been requested to join with plaintiff in this petition but
has refused to do so, and she is therefore made a de-
fendant.

The petition concludes by asking that the interest
of plaintiff be defined and adjudged to be an undivided
one-fifth in fee, in remainder, to take effect in posses-
sion upon the death of Jane O. Van Sycle, and for gen-
eral relief.

On February 18, 1901, defendants filed their motion
for decree on the petition, which motion was on June 12,
1901, overruled.

On June 15, 1901, defendants filed their answer,
which was a general denial.

On the trial of the cause the plaintiff introduced in evidence the various deeds referred to in the petition.

It was admitted that Edwin R. Van Sycle was dead and that James W. Rosenbrough had been appointed his successor, and that Edwin R. Van Sycle died intestate, leaving surviving him the five children named in the petition and that William Wade Van Sycle, George C. Van Sycle and Clement L. Van Sycle had conveyed all their right, title and interest in the property here described to Jane O. Van Sycle, their mother, and that Edwin R. Van Sycle, Jr., was the son of Edwin R. Van Cycle by a marriage previous to his father's marriage with Jane O. Van Sycle, and that all the right, title, interest and estate of said Edwin R. Van Sycle, Jr., in and to the premises described in the deed to Fueller had been conveyed and was now vested in plaintiff association.

The deed, which furnishes the basis for this entire controversy, is as follows:

"This deed, made this fourth day of February, 1874, by and between James B. Goff and Sue E. C., his wife, of St. Louis, Missouri, parties of the first part, and Edwin R. Van Sycle, of the same place, party of the second part, and Jane O. Van Sycle, wife of said Edwin R. Van Sycle, party of the third part, witnesseth, that said parties of the first part, in consideration of the sum of twelve thousand five hundred dollars, to them in hand paid by said party of the second part, and to be paid as hereinafter specified, have bargained and sold to said party of the second part and to his successors in trust as hereinafter mentioned, the following parcel of land lying in the county of St. Louis and State of Missouri, viz., a parcel of land lying in the Grand Prairie Common Fields of the city of St. Louis and being the eastern part of the most easterly lot allotted to John B. Horitz by the commissioners in partition in case of Tayon et al., plaintiffs, v. Barada et al., defendants, in the St. Louis land court for the partition of a tract of land con-

firmed to the legal representatives of Francis Bequette, said parcel of land being one hundred and seventy-five feet in front on Belle avenue by a depth northward of one hundred and sixty-two and a half feet, bounded on the north by United States Survey No. 1276, on the east by land of Horitz, on the south by Belle avenue, and on the west by land of Henry Elton.

"To have and to hold the same to him the said party of the second part and to his successors in trust and assigns forever. In trust, however, for the sole and separate use and benefit of said party of the third part for and during her natural life and after her death to the heirs of the said party of the second part, provided, however, that said party of the second part may and shall upon the written order of said party of the third part sell, convey, mortgage or otherwise encumber the same in such manner and by the execution and delivery of such instrument of writing as she the said party of the third part may in writing, signed, sealed and acknowledged by her, direct.

"And the said James B. Goff hereby covenants to warrant and defend the tract of land hereby conveyed against the lawful claims of all persons whomsoever claiming same or any part thereof by, through or under him except against a certain deed of trust executed by said parties of the first part to William C. Jamison and William T. Selby, trustees of the St. Louis Mutual Life Insurance Company, bearing date the first day of March, 1870, and recorded in book No. 399, on page 280, of the records of deeds of St. Louis county, to secure certain notes therein described, also the taxes assessed or to be assessed on said land for the year 1874, which notes and taxes said party of the second part hereby assumes to pay, as part of the consideration thereof.

"In testimony whereof, said parties of the first part have hereto set their hands and seals the day and year first above written.

"JAMES B. GOFF,       (Seal),

"SUE E. C. GOFF,      (Seal)."

Upon the submission of this cause to the court, judgment was rendered for defendant. From this judgment, plaintiff in due time and form prosecuted its appeal to this court and the record is now before us for review.

### OPINION.

The record in this cause presents but one proposition for solution. The question which the record before us propounds, is this: What is the extent of the power of the trustee, under the provisions of the deed from James B. Goff to the trustee, which is fully set forth in the statement of this cause; or, to more clearly state the proposition, was the trustee or his successors in such trust authorized to convey an absolute estate in pursuance of the provisions of the deed, upon the direction of the party of the third part, who only acquired by the deed an estate for life; or is the power of such trustee, or his successor, limited or restricted to the disposition by conveyance only of such an estate as was vested by the deed in the party of the third part, which was an estate for life?

The deed, which was the origin of this controversy and from which the only legal proposition arises, was one from James B. Goff and wife to Edwin R. Van Sycle, party of the second part, and Jane O. Van Sycle, party of the third part. The *habendum* clause of that deed fully evinces the character of conveyance, the nature of the trust, and the power of the trustee in respect to the conveyance of the land. It is thus stated in the clause:

"To have and to hold the same to him the said party of the second part and to his successors in trust and assigns forever. In trust however for the sole and separate use and benefit of said party of the third part for and during her natural life and after her death to the

heirs of the said party of the second part, provided, however, that said party of the second part may and shall upon the written order of said party of the third part, sell, convey, mortgage or otherwise encumber the same in such manner and by the execution and delivery of such instrument in writing as she, the said party of the third part, may in writing, signed, sealed and acknowledged by her, direct.''

Edwin R. Van Sycle, the first trustee in the deed, was married twice; by his former wife, the son, Edwin R. Van Sycle, Jr., was born; his last wife was Jane O. Van Sycle, the party of the third part mentioned; by this last marriage, there was born four children. In this suit, plaintiff has title to whatever interest the son by the first marriage would have, upon the death of his mother. Edwin R. Van Sycle, the first trustee in said deed, died, and the circuit court appointed James W. Rosenbrough as his successor, and he, as such successor, upon the direction of Jane O. Van Sycle, as provided by said Goff deed, conveyed the land in controversy to defendant John H. Fueller.

Upon this statement of the title, we have the following contentions: The plaintiff contends that the trustee's deed to defendant Fueller, under the provisions of the original deed to his predecessor in such trust, was inoperative to convey an estate in fee to the land in dispute, to the defendant Fueller, and that the operation of such deed is restricted to the conveyance of the life estate of Jane O. Van Sycle. Hence, it claims that the trial court should have, by appropriate decree, defined the interest of plaintiff to be the undivided one-fifth interest in fee in the property in suit, to take effect upon the death of Jane O. Van Sycle, the life tenant. On the other hand, it is contended by respondents, that the deed from James W. Rosenbrough, trustee, to defendant John H. Fueller, conveyed the title in fee to the property therein described, and that the execution of that deed, at the request and direction of Jane O. Van Sycle, was

the lawful exercise of the power granted in the deed from James B. Goff to the trustee.

It is apparent that this question is narrowed down to one simply of power, granted by the following terms: "Provided, however, that said party of the second part may and shall upon the written order of said party of the third part, sell, convey, mortgage or otherwise encumber the same in such manner and by the execution and delivery of such instrument in writing as she, the said party of the third part, may in writing, signed, sealed and acknowledged by her, direct."

That the exercise of a power by a life tenant, to convey and sell an absolute estate in the land held, may be granted by apt and appropriate terms in the deed to the life tenant, is beyond dispute; hence we have this question narrowed down to a still smaller compass, and that is, do the terms employed in the deed authorize the exercise of the power sought to be exercised by the trustee in the deed to defendant Fueller?

While courts in the interpretation of instruments affecting titles to real estate should not be unmindful of the results of the conclusions reached upon those who, in the ordinary course, would be entitled to an interest in the property, yet on the other hand, if the terms employed are clear and unambiguous, they must speak for themselves, the grantor using them will be presumed to mean what he says, and the courts will not be warranted in limiting or restricting the force and effect of such terms, in order to meet the seeming injustice to those who may claim an interest in the property affected by such instruments.

We have read and re-read, with a marked degree of care and interest, the language employed in the proviso of the deed from James B. Goff to the trustee and his successors, and we are unable (except by ignoring the plain rules of interpretation) to escape the conclusion that there was a clear and unquestioned right in the life tenant, Jane O. Van Sycle, to direct the exercise of

power by the trustee, as was done by the execution of the deed to defendant Fueller in this cause.

In solving this question, we must constantly keep in view the terms employed. If they are to be construed as meaning what the use of language ordinarily imports, then it will not be seriously contended that a power granted to "sell, convey, mortgage or otherwise encumber" (not only an interest in the land, but) the land itself, would authorize the conveyance of an estate in fee in the land, and the particularity with which the terms were selected in granting the power, and the attention given in expressing the mode of its execution clearly indicates that the parties fully understood the full force and effect of the power granted.

Learned counsel for appellant suggest the great importance that attaches to the recital in the deed, "after her death to the heirs of the said party of the second part." It must be conceded that this recital contemplated an interest in favor of the children of Edwin R. Van Sycle, the original trustee; but the power to sell and convey the absolute estate follows this recital, and if exercised, the very purpose of this superadded power was to cut out the remainder in the heirs of the party of the second part.

It is but common knowledge that the power granted by the terms "to sell and convey" real estate, means a power to sell and convey it entirely and absolutely, and this being true, the terms presumably were used by the parties to the deed before us for interpretation, with full knowledge of the force and effect of such term in such deed. At least such would be the case, unless, by appropriate terms in the instrument itself, the plain and ordinary meaning of the terms were limited or restricted to the particular meaning contemplated by the parties. The mere recital in the deed, that "after her death to heirs of the party of the second part," certainly in no way limits or lessens the force of the language used in granting the power.

The legal estate in fee, by virtue of the provisions of the deed, was vested in the trustee; hence he was the only person who could convey such estate, and the grant of power, authorizing him under the directions provided by the deed, ''to sell and convey'' the land becomes significant in the interpretation of the true intent of the parties to such deed. While it may be said that the grantee could, by the use of appropriate terms, direct a method of conveyance of the life estate by the trustee; yet, on the other hand, we are confronted with the argument that parties are not presumed to do meaningless things; if they undertake to confer a power, the only intelligent conclusion is, that the party to whom the power is granted, is without the power to be conferred. We have in this case, if appellant's contention is to be maintained, the granting of a power to be exercised upon the direction of the life tenant, Jane O. Van Sycle, that the life tenant had full power to exercise, without intervention of the trustee. So far as the result of exercise of the power is concerned, if limited to conveyance of the life estate, the grant of power accomplished nothing; but if the power granted authorized a conveyance of the estate in fee, then, in that case, it was full of force and vitality, for it authorized the exercise of a power that could not be exercised except for the grant contained in the deed; hence the rule follows, that in the construction of terms granting a power, that construction should be adopted that will make the grant of power operative, by reason of the terms of the grant, rather than a construction, the results of which are accomplished as well in the absence of the grant as it is in its presence.

Counsel for appellant presented this case in its strongest light; their brief is an able and strong presentation of the questions involved. They urge that the terms of the grant of power, ''to sell and convey,'' should have been followed by the terms ''in fee.'' This suggestion is answered by the fact that the terms ''sell and convey,'' when applied to real estate, mean, in the

absence of appropriate expressions in the instrument itself limiting and restricting such general acceptance of the meaning of such terms, a conveyance in fee; hence it follows that the addition of the words "in fee" would give no additional force to the words used in the deed before us.    The intention to authorize the conveyance of the entire estate, by the use of the terms in the grant of power, "to sell and convey," is made clear when considered in connection with the statute, which expressly declares the nature and character of title vested by a conveyance of real estate.    The learned counsel for respondent very aptly applied the statute; it is stated thus: "The Goff deed is dated February 4, 1874. The statute then provided (2 Wagner's Stat. 1872, p. 1351, sec. 2) that 'every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear, or be necessarily implied in the terms of the grant.'    That statute is in full force and effect to-day.    [R. S. 1899, sec. 4590.]    *A fortiori,* a power to direct the sale and conveyance of real estate is a power to appoint or direct the conveyance of a fee, unless restricted to the transfer of a less estate.    And this is so, independent of the statute."

The trustee in the Goff deed, having vested in him the estate in fee, the power granted, "to sell and convey," upon the direction of Jane O. Van Sycle, in the absence of any restrictions, contemplates a sale and conveyance of the entire estate vested in such trustee.

We have been unable to find any case precisely like the one before us; we have carefully considered all the cases cited by appellant and respondent.    None of them use the same terms in the grant of power; hence we are led to the conclusion that each case, in which arise questions similar to this one, must at last find its solution in a fair and reasonable interpretation of the terms used.

An examination of the cases will demonstrate that few, if any of them, in which the grant of power to con-

vey an estate in fee has been upheld, contains terms as broad and comprehensive as those employed in the deed before us for interpretation.

In Russell v. Eubanks, 84 Mo. 82, the language used granting the power of disposition was, "to sell, make deeds and dispose of property as she may please." This court held that such terms granted a power of disposition, and in disposing of that case, said: "The effect of this added power of disposition, if exercised by her, it may be conceded, would have been to carry the fee, and thus cut off the remainder. But it was only a power, and if not exercised her life estate was not thereby enlarged and converted into a fee, and the remainder over, at her death, is valid and takes effect in the remainderman."

It is clear that the terms in that case deemed sufficient to authorize the grant of power, were no more expressive of an intent to authorize a conveyance in fee, than those used in the deed in the case at bar. To say, "to make deeds and dispose of property as she may please," is no broader, in fact not as full and comprehensive, as "sell, convey, mortgage or otherwise encumber, in such manner and by the execution and delivery of such instrment, as the party of the third part may direct." We have by the use of those terms absolute power to order the sale and conveyance of the property, and the power to direct and appoint the character of instrument by which said conveyance is to be made operative.

In Pendleton v. Bell, 32 Mo. l. c. 109, this court said: "The property is held in trust for her sole and separate use, benefit and disposal during her natural life. Were this clause the only one which specifically gave to the wife a power to dispose of the property, it might well be questioned whether it extended beyond her life; but that it does authorize her to dispose of the estate for her life can not be doubted. The next clause of the deed declares that the property shall be held to such uses as

she may at any time or times direct and appoint. These words are sufficiently broad to comprehend the largest estate in the property, and if they be restricted to apply only to her life estate, they really mean nothing, as the power to dispose of that is already granted. They do mean something, and that meaning must be what they plainly express, that Mrs. Pendleton may appoint the whole use—that is, absolutely and forever, or in fee.''

While it may be said that in that case there was a subsequent clause, providing for a disposition by will, yet it will be observed that the court construes the clause herein quoted, and while reference is made to the subsequent clause, it is not indicated in the opinion that the construction given would in any way be changed by its absence from the instrument.

In Boyer v. Allen, 76 Mo. l. c. 500, this court in no doubtful terms gives expression to its views as to the force and effect of a plain provision, granting power to sell. It was there said: ''The power to sell carried with it the right to convey, and the estate she was empowered to sell was the absolute estate, and we think this is so, because she would have had the right to sell her widowhood estate irrespective of any power given by the will, and we think it clear that the intention of the testator in conferring the power as to the specific land mentioned was to bestow upon her a right which she would not have had without such power being given.'' So it may be said in this case, that it is clear that by the grant of power in the Goff deed there was an intention to bestow the exercise of a right upon Jane O. Van Sycle, as well as the trustee in respect to the property in dispute, which neither one could have exercised without such grant of power.

In Hemhauser v. Decker, 38 N. J. Eq. l. c. 430, the conclusion reached in this case finds support, by the clear announcement of the rule, as applicable to the subject being discussed. It was there said: ''To enable the donee of the power to convey a fee, it is not necessary,

when it appears that the donor intended to authorize such grant, that he should specify the estate; it is enough if the power be merely a power to sell; because, as Sir Edward Sugden says: 'Where the intention is clear, a power may enable the donee to dispose of the fee, though no words of inheritance be used, as where a testator gives a power to sell lands, the donee may sell the inheritance because the testator gives the same power he himself had.' "

We deem it unnecessary to pursue this subject further; the conclusions reached find support in the numerous cases cited by respondent, and the principle from which the conclusion is deduced is fully recognized by the authorities cited by appellant.

It is also earnestly urged that Edwin R. Van Sycle paid the consideration for the property in dispute, and by the deed to him as trustee his intention is indicated, that he was making a provision for his wife and children, and that this is an important fact to be considered in the interpretation of the deed. It may be true, and doubtless such was his intention; but he had paid for the property, and presumably obtained such a grant as he desired and beyond dispute he had the right, notwithstanding his intentions as to the interest of his children, to make such contingent interest depend upon the exercise or non-exercise of a power granted to his wife in the deed. If such was not his intention, he should not have accepted such trust, which, with such particularity, employed such terms as leaves no room for doubt of the grant of power, and that the interest of his children was dependent upon the non-exercise of such power.

There is no merit in the suggestion as to enabling Jane O. Van Sycle to disinherit her stepson, Edwin R. Van Sycle, Jr. So far as exercise of the power granted in the deed is concerned, as to the property itself all the children had the same contingent interest, and exercise of the power affected all their interests alike. It is

true, it may be said that if the proceeds of the sale are retained until the death of Mrs. Van Sycle, only her own children would inherit from her; but all this has nothing to do with the interpretation of the deed.

We have thus given expression to our views upon this cause, as disclosed by the record, which results in the conclusion that the deed from James B. Goff and wife to Edwin R. Van Sycle and his successors in trust, vested the legal title in such trustee and his successors, and created an equitable life estate in Mrs. Jane O. Van Sycle, with a superadded power in her to direct the trustee to convey the fee vested in him, and this power was exercised by the due and formal execution and delivery of the deed to defendant John H. Fueller.

The judgment of the trial court is affirmed. All concur.