## ABIGAIL JACKSON et al., Appellants, v. ARCHIBALD V. LITTELL.

### Division Two, July 14, 1908.

1. **WILL: Rule of Construction: Fee Simple: Limited by Subsequent Devises.** The cardinal rule in the interpretation of a will is that the intention of the testator as gathered from the whole instrument shall control; but going along with that statutory rule is also the settled law that when the words of a will at the outset clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate devised absolutely to the first donee, that estate will not be cut down to a less estate by subsequent or ambiguous words inferential in their intent.

2. **——: ——: ——: ——: Power of Sale: Gift.** The first clause of the will read: "I give, devise and bequeath to my beloved wife, Catherine Littell, her heirs and assigns, forever, all my property, real and personal, of what nature and kind soever, and wherever the same shall be at the time of my death, with privilege of selling or conveying by deed." By subsequent clauses the testator gave five dollars to each of four daughters and two hundred to each of three other daughters, and the bal-

ance on the death of the wife to a son. The wife thereafter made a deed giving to the eight daughters the real estate, share and share alike, subject to a life estate reserved for herself. *Held,* that by the first clause the testator devised the entire estate absolutely to his wife, and the limitation over to the son was void, and the deed of the wife conveyed the title to the daughters.

3. ———: ———: ———: **Heirs and Assigns.** The words "heirs and assigns" are not necessary to create a devise of a fee simple, yet they were words that were necessary at common law, and no more suitable words can be chosen by a testator to create a fee simple in a donee than "to her, her heirs and assigns forever."

4. ———: ———: ———: ———: **Power of Sale.** And when to the words, "to her, her heirs and assigns forever," are added the words, "with privilege of selling or conveying by deed," the added power carries with it a full property interest in the estate.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. N. & A. C. Southern* for appellants.

(1) If the testator devise a fee simple or generally to the first taker with an absolute power of disposal in him, and there is neither by express words or implication a mere life estate created in the first taker, all subsequent grants in the will must fail, because repugnant to the first grant and because it conflicts with a settled rule of law. Roth v. Rauschenbush, 173 Mo. 592; Grace v. Perry, 197 Mo. 564; Green v. Sutton, 50 Mo. 186; Gannon v. Pauk, 200 Mo. 75. (2) The title to the real estate conveyed by the deed would be valid, even though in construction of the will from the "four corners" the estate devised to Catharine Littell should be held to have been a life estate, because there was a power of sale or conveyance by deed added, and it is not denied that such deed was executed by Catharine Littell and delivered to all the plaintiffs. This doctrine is sustained by all the authorities.

*John W. Clements* for respondent.

(1) There is no principle of law more fully established in this State than that "the cardinal rule in the interpretation of a will is that the intention of the testator as gathered from the whole instrument shall control." McMillan v. Farrow, 141 Mo. 55. And that the intention of the testator "is not to be gathered from single words, passages or sentences, but from a consideration of the whole instrument taken together in its general scope and design." Russell v. Eubanks, 84 Mo. 82; Turner v. Timberlake, 53 Mo. 371; Gaines v. Fender, 57 Mo. 342; Smith v. Hutchison, 61 Mo. 83; Allison v. Chaney, 63 Mo. 279; Long v. Timms, 107 Mo. 512; Watson v. Watson, 110 Mo. 164; Murphy v. Carlin, 113 Mo. 112; Redman v. Barger, 118 Mo. 568; Lewis v. Pitman, 101 Mo. 281; Munro v. Collins, 95 Mo. 73; Harbison v. James, 90 Mo. 411; Bean v. Kennuir, 86 Mo. 666; Smith v. Bell, 6 Peters 68; Anderson v. Hall and Crawford v. Hall, 80 Ky. 91. The intention of the testator, Archibald Littell, deceased, as gathered from the entire will, unquestionably was to give his wife, Catharine Littell, only a life estate therein, coupled with the power of sale, with the remainder over to the devisees named in the will and in the proportions named in the will. (2) "The power of sale, or disposal superadded to a life estate, if not exercised does not enlarge the life estate into a fee; and in such case the remainder over is valid and at the death of the life tenant takes effect in the remainderman." Harbison v. James, 90 Mo. 411; Ruby v. Barnett, 12 Mo. 3; Reinders v. Koppelmann, 68 Mo. 482; Russell v. Eubanks, 84 Mo. 83. (3) Nor is it necessary that the life estate be created in express terms. If it is the clear intention from the whole will that the first taker is to have but a life estate, then the added power of disposition will not

convert the estate into one of absolute ownership. Lewis v. Pittmann, 101 Mo. 281; Redman v. Barger, 118 Mo. 568; Russell v. Eubanks, 84 Mo. 82; Schorr v. Carter, 120 Mo. 409. (4) The widow, Catharine Littell, in the exercise of her "privilege of selling or conveying by deed," given her by the terms of the will of testator, was in a sense the trustee of the remaindermen, and as such trustee it was her duty to exercise good faith. Rose v. McHose's Executors, 26 Mo. 590; Burford v. Aldredge, 165 Mo. 419; Underwood v. Cave, 176 Mo. 1.

GANTT, J.—This is an action begun in the circuit court of Jackson county to construe the last will and testament of Archibald Littell, deceased. The case was tried upon the following agreed statement of facts:

"Plaintiffs and defendant by their respective attorneys hereby stipulate and agree as follows:

"1.   That Archibald Littell died on the — day of July, 1903, testate, seized and possessed of the real estate described in the petition, leaving as his heirs and devisees his widow, Catharine Littell, and his children, the plaintiffs and defendant in the above-entitled cause.

"2.   The said decedent made and executed his last will and testament which was on the 10th day of August, 1903, duly admitted to probate in the probate court of Jackson county, Missouri, at Independence, a true copy of which is as follows:

" 'Realizing the uncertainty of life, I, Archibald Littell, of the county of Jackson, and State of Missouri, make this my last will and testament while in possession of sound mind and memory, this the 6th day of March, in the year of our Lord, one thousand eight hundred and eighty-first.

" 'I give, devise and bequeath to my beloved wife, Catharine Littell, her heirs and assigns, forever, all

of my property, real and personal of what nature and kind soever and wherever the same shall be at the time of my death, with privilege of selling or conveying by deed.

" 'Second.   I bequeath that at the death of my wife, Catharine, my four daughters, Sarah E. Long, Abigail Jackson, Martha King, and Mary E. Mulford, shall each have five dollars and my three daughters, Rebecca Chiddix, Rachel Chiddix and Lucinda Littell each shall have two hundred dollars.

" 'Third.   It is also my will and desire that at the death of my wife or at any time she may arrange to relinquish her interest in said property, the same may revert to my son, Archibald V. Littell, after my daughters shall have received each their portion as stipulated in the second section of my will.

" 'Fourth.   It is my will that my wife shall be executrix of this my last will and testament.   My will is also that my said wife shall not be required to give any bonds or security to the judge of the probate court for the faithful execution of the duties of executor.

" 'Witnesses:    John Stonehouser.

C. C. Latimer.

" 'Archibald Littell, (Seal.)'

"3.   That on the 10th day of August, 1903, the widow of decedent, the said Catharine Littell, executed her warranty deed to the plaintiffs and defendant purporting to convey to them the land in controversy as specified in said deed, a true copy of which is as follows:

" 'Warranty Deed.   This indenture made on the 10th day of August, 1903, by and between Catharine Littell, widow of Archibald Littell, deceased, of the county of Jackson, State of Missouri, party of the first part and Sarah E. Long, Abigail Jackson, Martha King, Mary E. Mulford, Rebecca Chiddix, Rachel

213 Sup.—38

Chiddix, Lucinda Littell and Archibald V. Littell of the county of Jackson, State of Missouri, parties of the second part. Witnesseth: That the said party of the first part in consideration of one dollar and natural love and affection to her paid by the said parties of the second part, the receipt of which is hereby acknowledged, does by these presents grant, bargain and sell, convey and confirm unto the said parties of the second part, their heirs and assigns, the following described tracts and parcels of land lying, being and situated in the county of Jackson, State of Missouri, to-wit. All the west one hundred and twenty-one acres of the northeast quarter of section six, township forty-nine, and range twenty-nine, except one acre in the northwest corner thereof, grantor reserving a life estate to herself in said property, the remainder in fee in said real estate is to vest in said grantees, the same being children of the grantor, as tenants in common, share and share alike, except that on a partition of the same the following parties shall receive the following amounts respectively, before the remainder is divided equally between said grantees, viz., Lucinda Littell, four hundred dollars, and Rachel Chiddix, Rebecca Chiddix and Archibald Littell, two hundred dollars each. To have and to hold the premises aforesaid, with all and singular rights, privileges, and immunities thereto belonging, or in any wise appertaining unto the said parties of the second part and unto their heirs and assigns, forever, the said grantor hereby covenanting that she is lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that she has good right to convey the same; that the said premises are free and clear from any incumbrance done or suffered by her, or those under whom she claims, and that she will warrant and defend the title in the said premises unto the said parties of the second part and unto their heirs and assigns,

forever, against the lawful claims and demands of all persons whomsoever. In witness whereof, the said party of the first part has hereunto set her hand and seal the day and year first above written. CATHARINE LITTELL, (Seal.)' Deed acknowledged on August 10th, 1903. Recorded August 10th, 1903, in Book 246, at page 246, Recorder's office, Independence, Missouri.

"4th. That the personal property of said estate was not more than the widow was entitled to under the statutes, and that none of the real estate will be needed to pay debts of the testator.

"5th. That the real estate described in the petition was all the real estate owned by decedent at the time of his death.

"6th. That Catharine Littell, at the time of the execution of the deed and the probate of the will, August 10th, 1903, was about eighty-two years of age and physically in feeble health; that said Catharine Littell and the testator, Archibald Littell, deceased, lived together as husband and wife, for about fifty-seven years and raised a family of eight children, the plaintiffs and defendant, the youngest being a daughter, Lucinda, aged about forty years, living at home and unmarried."

In an instruction given by the court of its own motion, it construed the said will as follows:

"Under the will of Archibald Littell, deceased, his wife Catharine Littell, took only a life estate in the real estate in controversy herein, coupled with a power of sale of said real estate, and at her death said real estate or proceeds thereof pass under the will of said Archibald Littell to the devisees therein named, who if they survive said Catharine Littell, will at her death take the remainder in said real estate or in the proceeds of sale thereof, if sold by said Catharine Littell in her lifetime in the following proportions, to-wit: Sarah E. Long, Abigail Jackson, Martha King and

Mary E. Mulford, five dollars, Rebecca Chiddix, Lucinda Littell and Rachel Chiddix, now Rachel Ashcraft, each the sum of two hundred dollars, and Archibald V. Littell the balance of said property;'' and that the deed of gift of said real estate executed by the said Catharine Littell August 10th, 1903, introduced in evidence, is null and void; and on the 20th day of January, 1905, the court gave judgment in accordance with said declaration of law in favor of the defendant Archibald V. Littell.

In due time and regular form the plaintiffs filed their motions for new trial and in arrest of judgment, which were heard and overruled and exceptions duly saved.

I.　Again we have the old question of whether the will of Archibald Littell granted a fee simple title to his wife, or whether he gave her merely a life estate therein with power to sell or convey the same.　The canons of construction of wills have been so often iterated and reiterated that it is unnecessary to repeat them.　It goes without saying that the cardinal rule in the interpretation of a will is that the intention of the testator as gathered from the whole instrument shall control.　But along with this statutory rule in this State it is also the settled law that when the words of a will at the outset clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate devised absolutely to the first donee, that estate will not be cut down to a less estate by subsequent or ambiguous words inferential in their intent.　Now the first clause of this will is as follows: ''I give, devise and bequeath to my beloved wife, Catharine Littell, her heirs and assigns, forever all my property, real and personal, of what nature and kind soever, and wherever the same shall be at the time of my death with privilege of selling or conveying by deed.''　It would be difficult indeed to find words better

adapted to create an absolute fee simple title in Mrs. Littell than this language indicates. These words carry not only the fee simple title in the lands but a perfect title to the testator's personal estate of every kind and character.

While the words "heirs and assigns" are not necessary in this State to create a devise of a fee simple, they were words that were necessary at common law, and no more suitable language could have been chosen by the testator to emphasize his intention to give his wife his whole estate absolutely. As said by Judge BLACK, in Chew v. Keller, 100 Mo. 1. c. 370, "Stronger language could not have been used to show and disclose a purpose and intent to confer upon Levin Baker and the other named person an absolute and unconditional fee. The estate is given to 'them and their heirs forever.' This expression, though unnecessary to create a fee, is an appropriate one for that purpose; and that the word 'heirs' is here used in its ordinary legal sense as one of limitation only cannot be doubted." And when in addition to these words is added the provision, "With the privilege of selling or conveying by deed," this added power carried with it a full property interest in the estate.

It was said at an early date in this State in Rubey v. Barnett, 12 Mo. 1. c. 6: "It has always been held that an absolute power of disposition over property conferred by will, not controlled by any provision or limitation, amounted to an absolute gift of the property. A power to dispose of a thing as one pleases, must necessarily carry along with it a full property in it." To the same effect are Green v. Sutton, 50 Mo. 186, and Tremmel v. Kleiboldt, 75 Mo. 255. In Yocum v. Siler, 160 Mo. 1. c. 289, it was said: "By the words 'bequeath absolutely,' he unquestionably intended to devise to his son his whole estate in said lands. These words are ample for that purpose in a will, and it is

unnecessary to cite precedents to establish that it has been often so held.''

But it is strongly insisted by the learned counsel for the defendant, Archibald V. Littell, that the subsequent provisions of the will clearly indicate, notwithstanding the plain and sufficient words which were used in the first item to create a fee simple, it was the intention of the testator to give his wife only a life estate, and numerous cases have been cited from our own decisions to support this contention. But we understand that it is settled law in this State that where an estate is devised to one and his heirs and assigns forever, and there is added either by express words or by plain implication an absolute power of alienation, the limitation over is void. In 2 Redfield on Wills (3 Ed.), page 277, it is said: ''It is a settled rule of American as well as English law that when the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of appointment among certain specified persons or classes, any estate over is void, as being inconsistent with the first gift.'' And in Gannon v. Albright, 183 Mo. l. c. 252, it was added: ''Void as a remainder, because of the preceding fee, after which a remainder cannot be limited. Void as an executory devise, because a valid executory devise cannot subsist under an absolute power of disposition in the first taker.'' Thus, Chancellor Kent says, vol. 4 (14 Ed.), 270, ''If, therefore, there be an absolute power of disposition given by the will to the first taker, as if an estate be devised to A in fee, and if he dies possessed of the property without lawful issue, the remainder over, or remainder over the property which he, dying without heirs, should leave, or without selling or devising the same; in all such cases the remainder over is void as a remainder, because of the preceding fee; and it is void by way of executory de-

vise, because the limitation is inconsistent with the absolute estate or power of disposition expressly given or necessarily implied by the will." In support of this proposition, the authorities are collated in Gannon v. Albright, supra, page 252.

By the will in this case, not only did the testator by apt and appropriate words devise to his wife an absolute fee simple estate in the lands in controversy, but superadded thereto an unqualified privilege of selling or conveying by deed. But moreover, he made no further grant of the estate over to any other person or persons, unless it can be said that the second and third items of the will were intended to cut it down to a less estate thereby. But as we have already seen, it is the settled law of this State that when the words of a will at the outset clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate devised, absolutely to the first donee, that estate will not be cut down to a less estate by subsequent or ambiguous words inferential in their intent. Now clearly, we think, there is nothing in the second clause of the will which indicates any such purpose on the part of the testator, and if we look to the third clause, it is only by inference that such was the intention of the testator and hence the rule, already adverted to, would prevent the taking effect of such devise over if the language of the third clause can be so construed. That clause is ambiguous in itself and falls clearly within the prohibition of the general rule, which forbids the cutting down of the estate so clearly and positively granted to the wife, in the first item of the will, by such subsequent and ambiguous provisions in the will. While, as already said, the great purpose of a court in construing the will of a testator is to ascertain his intention, it is of prime importance that well-recognized legal rules of construction should be observed to the end that the

titles to real estate should not be left in doubt. If we are to adhere to the rule so often announced by this court, that the devise of an estate generally or indefinitely with a power of disposition over carries a fee, and that there is a broad distinction between those cases where there is a devise generally or indefinitely with a power of disposition and those cases where there is a devise for life with a power of disposition, we see no escape from holding that Mrs. Littell took an absolute fee in the estate of her husband with a superadded power of disposition, and if the other items of the will are to be construed as an attempt to make a devise or devises over, they were void and of no effect. [Green v. Sutton, 50 Mo. 186; Reinders v. Koppelmann, 68 Mo. 482; Cook v. Couch, 100 Mo. 34; Roth v. Rauschenbusch, 173 Mo. l. c. 582.]

In Small v. Field, 102 Mo. l. c. 127, it was said by this court: "It is obvious that the absolute estate in fee granted to Mrs. Kate Greene could not be impaired, cut down or qualified except by words as affirmatively strong as those which conveyed the estate to her." And to the same effect is Roberts v. Crume, 173 Mo. 572. Applying the rule announced in Small v. Field, supra, which has often been reiterated by this court, we look in vain in this will for any words as *affirmatively strong* or even approximating those which Archibald Littell used in devising his estate to his wife.

It necessarily follows that, in our opinion, the learned circuit court erred in adjudging that Mrs. Littell only took a life estate in the property of her husband, and should have held that she took a fee simple estate therein with full power to sell and convey the same, and having an unlimited power to sell or convey, she had the perfect right to make the deed of conveyance to her children, which the court adjudged void.

Accordingly the judgment of the circuit court of Jackson county is reversed and the cause remanded

with directions to the circuit court to enter a judgment or decree in accordance with the prayer of the petition.

*Fox, P. J.,* and *Burgess, J.,* concur.