Beulah M. GEYER and Justin Ruark, Executors and Testamentary Trustees of the Estate of H. G. Geyer, Deceased, Plaintiffs,

v.

E. O. BOOKWALTER, Defendant.

No. 1605.

United States District Court
W. D. Missouri,
Southwestern Division.
April 3, 1961.

58

Miller, Fairman, Sanford, Carr & Lowther, by J. Weston Miller, Springfield, Mo., for plaintiffs.

Edward L. Scheufler, U. S. Atty., by Clark A. Ridpath, Asst. U. S. Atty., Kansas City, Mo., for defendant.

RIDGE, Chief Judge.

This is an action to recover an estate tax alleged to have been overpaid by plaintiff-taxpayers as a result of an erroneous deficiency assessment made by the defendant upon the Estate of H. G. Geyer, Deceased. Facts are alleged and admitted by the pleadings from which it appears that plaintiffs are justified in instituting the instant action and that this District Court has jurisdiction thereof under Section 1346(a) (1) of Title 28 U.S.C.A.

The facts are not in dispute. H. G. Geyer died testate in Neosho, Missouri, on February 10, 1954, leaving a surviving widow, Beulah M. Geyer. Plaintiffs herein, as Trustees and Executors of that decedent's estate, paid to defendant, $7,205.07, the amount asserted by them to be due from said estate as federal estate taxes. The Commissioner of Internal Revenue assessed an estate tax deficiency against the plaintiffs in the amount of $1,954.15, and interest thereon in the amount of $275.18. Such amounts were paid by plaintiffs on July 15, 1958, and August 29, 1958, respectively. On January 5, 1959, plaintiffs filed a claim for a refund and made demand for return of the same. Their claim was refused by defendant on May 27, 1960, within less than one year from the date of filing of the instant action.

The basis for the claimed refund is two-fold:

(1) It is plaintiffs' contention that under paragraph 5 of the will of deceased, decedent's wife, Beulah M. Geyer, was granted a fee simple title to the real estate therein described and that the bequest, therefore, qualifies for a marital deduction under Section 812(e) (1) (A) of the 1939 Code (26 U.S.C.A. § 812(e) (1) (A), 1952 ed.)

(2) It is alternatively contended that, even if the wife took only a life estate in such real estate, the terms of the will additionally conferred upon her a power

to sell, which constitutes a "power of appointment" that qualifies the bequest for a marital deduction under the exception to the terminable interest rule, provided for in Section 812(e) (1) (F) of the 1939 Code, as amended by Section 93(a) of the Technical Amendments Act of 1958. Pub.Law 85–866, Sept. 2, 1958, 72 Stat. 1668.

It is defendant's contention that by the terms of the will of deceased, the interest in the realty taken by decedent's wife is limited in such a manner that it fails to qualify for a marital deduction under either of the subsections cited by the plaintiffs as above but, rather, constitute a non-deductible terminable interest, within the purview of Section 812(e) (1) (B) of the 1939 Code. 26 U.S.C.A. § 812(e) (1) (B), 1952 ed.

The real estate here in question was the "home place" of deceased and his wife, at the time of the former's demise. The value thereof was $8,000 on February 10, 1954. (Stip. 10–28–60.) The deficiency tax and interest thereon was assessed on the basis of that valuation; and that the marital deduction did not apply to the bequest of the home place made to decedent's widow. The pertinent part of the will of decedent, H. G. Geyer, provides as follows:

"(5) To my wife, Beulah M. Geyer, I give and devise the home place at 317 Patterson Street in Neosho, Missouri * * *.

"She shall have good and full right to sell and convey fee simple title thereto, with such easements as are appurtenant, and not account for the proceeds thereof. If she shall not have sold the same at the date of her death, then the title to same shall pass to those of the above-named children who shall be alive at that date. Neither spouse nor children of any deceased child shall take any interest therein.

"(10) All of the balance of my estate, real personal and mixed, and wherever situated, shall be held in trust by my above-named executors and trustees for the purpose of managing and collecting the same."

### The Issue

Whether such devise of "the home place" to decedent's wife, with "good and full right to sell and convey fee simple title thereto, with such easements as are appurtenant, and not account for the proceeds thereof," qualifies for a marital deduction, as the plaintiffs alternatively contend; or is it a non-deductible terminable interest, as the District Director contends, under applicable statutes and Treasury Regulations relating to marital deductions.

There is no difference between the parties as to the proper construction to be given to the applicable statutes and Treasury Regulations, except in one minor instance; and that, whether Treasury Regulation 20.2056(b)–5(3) correctly interprets the corresponding provisions of the 1954 I.R.C. (§ 2056(b) (5), 26 U.S.C. § 2056(b) (5). As to that matter: It is not deemed necessary to a decision here that this Court be concerned with such contention, nor encumber this memorandum by any discussion thereof. A decision of the salient issue here does not appear to hinge on the construction to be given to applicable statutes and regulations; but depends upon the proper interpretation to be given the will of H. G. Geyer, deceased, under applicable law. Both parties agree that the law of Missouri is apposite to a determination of that proposition.

It is the plaintiffs' contention that under Missouri law the wife of H. G. Geyer, deceased, acquired a fee simple title to the property bequeathed by paragraph 5 of his will, supra, and hence the value of such property is entitled to be claimed as a marital deduction under § 812(e) (1) (A) of the 1939 Code, supra. This, on the authority of Vaughan v. Compton, Mo.Sup., 235 S.W.2d 328; Housman v. Lewellen, 362 Mo. 759, 244 S.W.2d 21; Jackson v. Littell, 213 Mo. 589, 112 S.W. 53; Roth v. Rauschenbusch, 173 Mo. 582, 73 S.W. 664, 61 L.R.A. 455; which rule, in

substance and effect, that when the words of a will at the outset clearly indicate a disposition in the testator to give the entire interest, use and benefit of an estate devised to the first devisee, that estate may not be cut down by subsequent or ambiguous words inferential in their intent; and, that a devise of land which is in no wise limited as to enjoyment or duration and which carries with it an absolute power to sell and convey, conveys a fee simple title. Defendant points up the proposition that by the terms of decedent's will, above recited, the wife took nothing more than a life estate in the realty, coupled with a power of sale during her lifetime, and such an interest does not vest a fee simple title under Missouri law, on authority of Presbyterian Orphanage of Missouri v. Fitterling, 342 Mo. 299, 114 S.W.2d 1004; and Shelton v. Shelton, 348 Mo. 820, 155 S.W. 2d 187.

An open analysis of the Missouri authorities above cited will not be undertaken. The curious may follow their own inclination to that effect. Suffice it to say that in the Presbyterian Orphanage case, supra, the Supreme Court of Missouri, in construing a bequest in general terms [114 S.W.2d 1005], "to have, hold and enjoy the rents, issues and profits thereof" with the power "to sell and dispose," with the limitation that "whatever portion of my estate may remain after the death of my brother * * *, I give, devise and bequeath to the Board of Trustees of Elmwood Presbyterian Home at Farmington, Missouri," only conferred a life estate in the first devisee, with remainder over to the second devisee. In so ruling, that Court said:

"The rule they (the cases) establish is that a devise of land, not limited in any way as to duration or enjoyment, with an absolute power of disposition by sale, gift, or otherwise, by deed or will at the pleasure of the devisee, must be construed to give a fee; but that a devise limited to enjoyment of the rents and profits of land, which is followed by a devise of the premises, as the testator's property, after the death of the devisee to whom he gave the right to enjoy the rents and profits thereof, must be construed to create a life estate in such first devisee. Furthermore, when a life tenant is given a power 'to sell and dispose' under such a provision, the power must be construed as a power of disposition for a valuable consideration." 114 S.W.2d loc. cit. 1007.

In the light of that and other cited Missouri authorities, we are led to the conclusion that by the devise here considered, when H. G. Geyer, deceased, after giving his wife the right to "sell and convey" the home place "and not account for the proceeds thereof," but coupled such general grant with the limitation that "if she shall not have sold the same at the date of death, then the title to same shall pass to those of the above-named children who shall be alive at that date," the wife did not obtain a right of disposition by will. All she received thereby was a life estate, coupled with a power of sale during her life. Since the property, if it remained unsold, would not pass as a part of the wife's estate nor be subject to her testamentary disposition, it is clear that she did not receive such a fee as could be claimed a deduction under Section 812(e) (1) (B) (ii) of the 1939 Code, supra.

As to plaintiffs' second contention, defendant disallowed the marital deduction here claimed, on the grounds that decedent's wife did not have a power to "appoint" the real estate in question, as required by Section 812(e) (1) (F) of the 1939 Code, supra, as amended by the Technical Amendment Act of 1958, supra; because the life estate devised to her is not terminable by her "alone and in all events." The main thrust of that position may be stated thus: set against the standard prescribed by the above-cited section of the Code and Treasury Regulations promulgated pursuant thereto, defendant asserts that the nature of the wife's interest here considered fails to fulfill the conditions necessary to have Section 812(e) (1) (F), supra, apply in

this estate's favor, because the wife's interest is limited to a life estate, coupled *only* with a power of sale; that to qualify for a marital deduction the power must be more than a power of sale; it must be an absolute power of disposal, i. e. exercisable in any manner and in all events by the surviving spouse alone, to whomsoever she pleases, whether exercisable by will or during life. Being limited to a power of sale only, defendant says: "Property may be disposed of in many ways; among others, it can be wasted, squandered, given away, placed in trust, sold, or set aside for testamentary disposition." (Tr.Br., p. 15.) Hence, defendant interprets paragraph 5 of deceased's will as giving the wife the power to dispose of the real property in question in only one manner, by sale. This will is not subject to that interpretation under Missouri law.

█ As in other jurisdictions, the cardinal rule in Missouri with respect to the construction of wills, is that the courts shall have due regard to the intention of the testator which will be carried out unless it conflicts with public policy or positive law. Section 474.430, V.A.M.S.; Vaughan v. Compton, supra; Housman v. Lewellen, supra; Jackson v. Littell, supra. In so doing, what was said by the Missouri Supreme Court in Shelton v. Shelton, supra, should be kept in mind, namely:

> "The language of one will is rarely, if ever, like another and frequently a slight difference in the words used calls for different constructions of testamentary provisions similar in other respects. Even identical words properly receive diverse interpretations when used in contexts or under circumstances which are not the same. Therefore, decisions construing similar testamentary provisions are of small value as precedents and must be considered with caution." 155 S.W.2d 187–188.

Hence Missouri decisions construing devises by will, as is true in most all other jurisdictions, can be nothing more than persuasive and not binding authorities as to the proper interpretation to be given to the provisions of any given will. No Missouri authority cited by the parties relates to a will that contains a provision for a "devise (of) the home place" to a wife with "full right to sell and convey fee simple title thereto, with such easements as are appurtenant, and not account for the proceeds thereof" by the wife. Such a devise of a "home place" is not one limited to "enjoyment of the rents and profits" thereof which is followed by a devise of the premises, with power "to sell and dispose" of, as was considered in Presbyterian Orphanage v. Fitterling, supra, or any other Missouri cited case.

█ The instant devise is one that vests the life tenant with an outright power to "sell" which, if exercised, connotes in and of itself the execution of a "deed of conveyance." 79 C.J.S., p. 1033, note 86; Harrison Central Corporation v. United States, D.C.N.J., 53 F.Supp. 471, 472. "Convey" in the sense it is used in respect to devise of the real estate here, means power to transfer or pass a title from one person to another absolutely. 18 C.J.S., p. 87, and cases cited. "It is but common knowledge that the power granted by the term 'to sell and convey' real estate means a power to sell and convey it entirely and absolutely * * *" St. Louis Land & Building Ass'n v. Fueller, 182 Mo. 93, 81 S.W. 414, 416, 417. What limitation, if any, is placed on "sell and convey" as used by testator in the instant will? The manifestation of his intention can only be gleaned from that part of his will by which he declared if his wife "sells and conveys" the home place she shall not be required to "account for the proceeds thereof." The words "fee simple title thereto," as used by the testator in paragraph 5, supra, do not amplify or restrict the power to "sell and convey" the real estate devised; but they do afford an inference of an intention to invest full power in his wife to effectuate a complete separation of the "home place" by conveyance from any reversional interest on be-

half of his estate. When "sell and convey" are coupled with a direction that his wife shall not be required to "account for the proceeds thereof" it can only be understood that this testator intended that his wife could "convey" the same for any price, without regard to amount, or any other intrinsic value of the home place. "Proceeds" is a word of equivocal import and of great generality. Its meaning in each instance depends very much upon the connection in which it is used and the subject matter to which it is applied. "Proceeds are not necessarily money." Phelps v. Harris, 1879, 101 U.S. 370, 380, 25 L.Ed. 855. When coupled with a power to "convey" and not be accountable therefor, "proceeds" may mean exchange, gift or any other disposition, *inter vivos* by the wife, under the instant will. The term "sell" is not restrictive of "convey", though used conjunctively in this will. In order to effectuate the intention of this testator, the word "and" is to be construed to mean "or". This is permissible (cf., cases cited 3 C.J.S., p. 1068, note 77) because "sell and convey" are not synonymous but relate to a power to transfer title to real estate measured by varying standards. "Sale" standing alone, connotes transfer of title for a substantial consideration. A right to "sell and convey" without being accountable for the proceeds of such a transfer connotes power to "convey" title to the "home place" without substantial consideration.

Under paragraph 5 of this will, supra, the wife could sell the "home place" for $1 and transfer title in respect thereto. If she did so, the same would not be a true sale. Such a transfer of title could be intended to be made by her as a gift. Cf. Aldridge et al. v. Aldridge et al., 202 Mo. 565, 101 S.W. 42. A transfer of a thing of substantial value is not kept from being a "gift" by payment of a trivial or merely nominal consideration. Commissioner of Internal Revenue v. Ehrhart, 5 Cir., 1936, 82 F.2d 338; Commissioner of Internal Revenue v. Montague, 6 Cir., 1942, 126 F.2d 948; 38 C.J.S. Gifts § 7, p. 785; 24 Am.Jur., p.

736, § 12. To hold that "sell" in the instant will limits "convey" would only be to distort the manifest intention of the testator as expressed by the language used by him, because he said, in effect, his wife could do as she pleased concerning the "home place" during her lifetime and account to no one therefor. "Any conclusion as to what the testator may have had in mind must be based upon the legal effect of the language used in the will itself." Housman v. Lewellen, 244 S.W.2d 21, 23. Hence, the wife of deceased (Beulah M. Geyer) was vested with power to appoint the "home place" to "whomsoever she pleases * * * acting alone and in all events" which is an interest that includes "the power to dispose of by gift" (whether or not she has the power to dispose of it by will) within the ambit of Section 812(e) (1) (F) of the 1939 Code, as amended by 93(a) of the Technical Amendments Act of 1958, supra. Fed.Tax Reg.1959, U.S. C.C. & A. News, § 20–2025(b)–5, p. 1312.

Plaintiffs are legally entitled to recover a refund of the estate taxes here claimed. Counsel prepare judgment entry accordingly.

It is so ordered.