JOHN HARDY, Appellant, v. JOHN MATTHEWS and JOHN F. HUMPHREYS, Respondents.

1. *Witnesses — Married Women — Agency — Construction of Statute.* — In order to qualify a married woman as a witness under the statute (Gen. Stat. 1865, p. 587, ? 5), it must appear that she conducted the business or transaction about which she was testifying.

2. *Contract — Equity — Specific Performance.* — If a contract be entered into by a competent party, and be in its nature and circumstances unobjectionable, it is as much of course for a court of equity to decree a specific performance as it is to give damages at law.

*Appeal from St. Louis Circuit Court.*

This was an action, in the nature of a bill in equity, to enforce specific performance of a contract made by Matthews with Hardy to sell eleven lots of land on Washington avenue, between Beaumont street and Leffingwell avenue. An amended petition was filed June 21, 1866, setting up the contract, which bears date August 1, 1859, and is as follows:

"$1000.  "ST. LOUIS, Mo., *August* 1, 1859.

"Received of John Hardy one thousand dollars for a piece of property situated on Leffingwell avenue one hundred and thirty-four feet eight inches, and one hundred and five feet on Washington avenue; and he, the said John Hardy, to give his notes for five thousand dollars—that is to say, one note for a thousand dollars, with six per cent interest, each and every year until paid.

"Witness, James K. Hardy.  JOHN MATTHEWS."

———————

* Motion for final judgment of perpetual injunction in this court was filed and sustained.

" St. Louis, Mo., *August* 1, 1859.

" I have also sold to John Hardy one of seven (7) lots — that is to say, one hundred and eighty feet on Washington avenue, and one hundred and thirty-four feet eight inches on Beaumont street, the said Hardy giving his notes for ten thousand dollars, $1000 every first of August, with six per cent. interest, until paid.

" Witness, James K. Hardy.    JOHN MATTHEWS."

The original petition was filed September 20, 1861. The contracts or receipts above recited were on one piece of paper. At the former trial in the court below they were excluded on the ground that they contained no sufficient description of the lots intended to be sold. This court held them sufficient, and that parol evidence could be introduced to identify the lots intended. (38 Mo. 121.)

On the return of the case from the Supreme Court, plaintiff filed his amended petition asking for a specific performance of the contract. To this defendants replied, denying the making of any such contracts, or any sale of lands to Hardy, and also alleging that defendants had tendered a deed to plaintiff, which he had refused to receive. Also, that defendant Matthews had executed a lease to Hardy of a portion of the ground described in plaintiff's petition, at the annual rent of four hundred and fifty dollars, for four years from August 1, 1858, and that Hardy occupied the land under said lease, and had not paid the rent; and asked for judgment. Plaintiff, in reply, admitted the making of the lease and the occupancy of the ground under the lease for one year, and alleged that then, by agreement, said lease was canceled, and plaintiff did not occupy said premises under the lease after August 1, 1859; that said Matthews agreed that certain improvements required on said premises might be made by plaintiff, and the amount paid for them was to be taken in satisfaction of rents accruing under said lease; that plaintiff expended upon said premises and in paying for macadamizing, paving, etc., over nine hundred dollars more than the rent during the time plaintiff occupied said premises; that in 1860 defendant Matthews took possession of said premises, and had held them ever since. Plaintiff

denied that Matthews ever tendered him a deed in accordance with the terms of the contract; denied that he abandoned his contract, or that he ever refused to receive a deed under said contract.

John F. Humphreys was made a party to said amended petition on the allegation that, shortly after the making of said contract, Matthews conveyed or pretended to convey said lots to said Humphreys, who was his son-in-law, but that Humphreys had full knowledge of the sale to Hardy.

These allegations concerning Humphreys were not denied in the answer.

Plaintiff asked that Humphreys might be decreed to hold the property in trust for plaintiff under said contract, and that specific performance of the contract might be decreed.

Upon the trial of the cause, plaintiff introduced testimony showing an offer on his part, in 1861 or 1862, to pay for the land, partly in cash and partly in deferred payments; that the money was put in bank by him for that purpose; that he had deeds prepared conveying the property to himself; but that Matthews refused to make the deeds unless the whole payment was made in cash; that Matthews, at another time, acquiesced, but that his wife refused to sign the deeds.

Defendants, *contra*, offered testimony showing the making of two warranty deeds of the property to Hardy, dated respectively December, 1859, and July 17, 1861, and tender thereof to him, and refusal on his part to accept the same on the terms proposed. Proof was also introduced showing the lease of the property by defendants to plaintiff in 1858, and his occupancy thereunder; also, a deed conveying the property to John F. Humphreys, as trustee, in 1860, and conveyance by him of the same to Matthews in 1861. As to the agreement for rent of the premises under the lease in 1858 from Matthews to Hardy, and as to the value of the repairs, the testimony was conflicting.

Mrs. Mary L. Matthews, the wife of defendant John Matthews, was called by the defendants as a witness. Plaintiff objected, on the ground that she was the wife of defendant Matthews, and was not his agent in the transaction of any of the business from which this suit originated, and that she was not a competent witness;

which objections were overruled, and said witness permitted to testify, to which decision of the court plaintiff excepted.

Witness testified that while living in Montgomery county, in October, 1859, Dr. Kinkle, during a temporary absence of her husband, came to her house for the avowed purpose of paying for the property in specie and notes, although she saw neither; that she signed a warranty and quit-claim deed to Hardy for the property; signed no others; made no objection to signing those.

The testimony in the case is voluminous, and need not be detailed.

*Geo. P. Strong*, for appellant.

I. The contract and identity of the land are clearly established by the testimony. There is no sufficient evidence that defendants ever offered to perform said contract. The contract being clearly established, it was for the defendants to prove an offer to perform and a refusal to accept a deed. The testimony being conflicting, there was no sufficient evidence to relieve the defendants from the obligation of the contract. The weight of evidence is clearly on the side of plaintiff, and the court erred in dismissing the bill. The contract being fair and reasonable, the court should have decreed a specific performance. (2 Story's Eq. §§ 748, 751, 771, 775.) This court will look into the whole case and weigh all the testimony, and correct the errors of the court below by rendering such a decree as the Circuit Court should have rendered. (Goode v. Comfort, 39 Mo. 313; Allen v. Berry, 40 Mo. 282.)

*Knox & Smith*, for respondents.

I. The respondents insist that the so-called contract relied upon by the appellant in this case is too vague, indefinite, and uncertain, to warrant a decree in this case in favor of appellant; that the evidence shows no right of the appellant to the relief which he seeks; that the respondents were not in default, but offered to give appellant sufficient deeds for this property in question long before this suit was instituted, which plaintiff refused to receive; that the evidence shows that appellant never offered respondents the money which he admits he was to pay respondents

for the property, nor the notes which were to be given on the deed of trust to secure said notes, which appellant testifies he was to give to respondents. The evidence plainly shows that, when appellant thought the property worth more than he claimed the contract price to be, he was anxious to have the property; and when it was of less value than said price, he repudiated the contract and refused to receive the property.

WAGNER, Judge, delivered the opinion of the court.

There is some conflict in the evidence in this case, as might reasonably be expected where the principal witnesses are the parties to the record or directly interested in the result. The objection raised to the admissibility of the testimony of Mrs. Matthews should have been sustained. It is not shown nor is it pretended that she in any wise conducted the business or transaction about which she was testifying; and this is essential to qualify her as a witness under the statute. The dismissal of the bill by the court below was equivalent to saying that the plaintiff should be debarred from all equitable relief. A distinguished English equity judge has remarked that, if a contract be entered into by a competent party, and be in its nature and circumstances unobjectionable, it is as much of course for a court of equity to decree a specific performance as it is to give damages at law. (Sir William Grant in Hall v. Warren, 9 Ves. 608.) And this is now the universal and well-settled doctrine of equity jurisprudence.

In the present case there is neither exhibited unfairness, inadequacy of consideration, nor incompetency of parties. It is incontestable that for a considerable time after the making of the contract the plaintiff was anxious and willing, and did all he could, to perform his part and comply with the agreement. The default was altogether on the side of the defendants. It was the duty of the defendants to tender a deed according to the terms of the contract, and they had no right to couple the tender with any conditions not contained in the original stipulation. There is some evidence that the tender was made and that the plaintiff was not ready or refused to carry out the agreement. But the evidence was not sufficiently satisfactory, in our opinion, to justify the conclusion

that the plaintiff had abandoned the contract or that he should be deprived of all equitable relief.

We think that the court erred in admitting testimony, and we are not satisfied with its finding on the facts.

Judgment reversed and the cause remanded. The other judges concur.