JOSEPH JECKO, Trustee of Caroline C. Hume, and CAROLINE C. Hume, Respondents, *v.* WILLIAM TAUSSIG, Appellant.

1. *Terms "fee," "fee simple," "fee simple absolute," meaning of.*—In modern estates the several terms "fee," "fee simple," and "fee simple absolute," are substantially synonymous.
2. *Conveyances—Fee simple—To married woman—Authority of to convey, with remainder, over to heirs, etc.*—Certain land was conveyed to a married woman and her trustee, "to be sold and conveyed in fee, mortgaged or rented," as she might, in writing, direct. The deed further provided that, in case of her death before her husband's, the estate might vest in her surviving children; *held,* that her authority to convey was absolute and unlimited, and that the latter provision did not affect her power of alienation during the life of her husband: *semble,* that equity will enforce specific performance of a contract to purchase an estate so conveyed upon tender of deed to the purchaser.

*Appeal from St. Louis Circuit Court.*

*Taussig & Kellogg,* for appellant.

I. Respondent is not entitled to equitable relief by a decree for specific performance. (31 N. Y. 91; McLean v. White, 5 Maine, 178.)

II. Without the clause authorizing a conveyance in fee, the deed would undoubtedly create an estate in remainder in the heirs

of the bodies of John F. and Caroline Hume, who would take as purchasers as well at common law as under our statute. The rule in Shelley's case would not apply, even if the statute were not in force. (2 Washb. on Real Prop., last ed., 556, 575, note 4; Webster v. Cooper, 14 How. 500; Gen. Stat. 1865, ch. 108.)

III. An estate in fee is not by any means necessarily an estate in fee simple absolute, and the right to convey in fee does not necessarily give the right to convey an estate in fee simple absolute. (Preston on Estates, 479 *et seq.;* 1 Washb. on Real Prop. 51–2, 62–4; *id.* 444 *et seq.*)

*Jecko & Hospes,* for respondents.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding in the nature of a petition in equity for the specific enforcement of a contract to purchase real estate. The suit is amicable, and the facts of the case are all agreed.

The points presented for adjudication involve the construction of a deed from S. D. Barlow and wife, to the plaintiffs, who, as the grantees therein, are described as "Joseph Jecko, trustee of Mrs. Caroline C. Hume, wife of John F. Hume, and Caroline C. Hume." The *habendum* clause of the deed is in the words following: "To have and to hold the same (the premises described in the deed) to the said Joseph Jecko and his successors in trust — in trust, however, for the following uses and purposes, viz : for the use, occupation, and benefit of said Caroline C. Hume, free from all control and power of disposition or encumbrance on the part of her husband, John F. Hume ; to be sold and conveyed in fee, mortgaged or rented, as she, the said Caroline C. Hume, may in writing direct; and the proceeds, issues, and rents to be paid to her or her order, without the interference or control of her husband, or any one claiming under or through him. The object and purpose being to invest said Caroline C. Hume with said property and its improvements and appurtenances, subject to her sole use and occupation, without interference from any person, with the limitation only which is hereby made a condition of the trust herein created to-wit: that

in case of the death of the said Caroline C. Hume, or her husband, John F. Hume, the said property shall at once vest in and belong to the children of the bodies of said John F. Hume and Caroline C. Hume, subject to a life interest in said Caroline C. Hume, should she be the survivor, and their heirs ; and the said Joseph Jecko, or his successor in trust, shall, in that case, hold said property for their benefit, or convey the same upon their written order, or that of their legal guardian."

The original statement shows that Mr. and Mrs. Hume had two children, the issue of their marriage, living at the date of said deed, and that they are still living, as is also said John F. Hume, who joins his wife and her trustees in the execution of the deed tendered to the defendant in execution on their part of the contract of sale. There are no provisions in the other parts of the deed affecting the construction to be placed upon the *habendum* clause recited above. The question presented is, does this deed vest in the grantees therein an inheritable estate in fee simple ? or, in other words, does it vest in them such an estate, and give them such power and dominion over the granted premises during the lifetime of John F. Hume, that they may at any time during that period, by an appropriate deed, alien and convey the same in fee simple absolute?

The deed authorizes a conveyance in " fee." Much stress is laid upon the distinction which is supposed to exist between an estate in " fee " and an estate in " fee simple absolute." It is urged that a right to convey in " fee " does not necessarily give the right to convey in " fee simple absolute." The distinction in question may have once existed and had practical force and importance in England. In this country, however, it is apprehended that such distinction has become dim and shadowy, at least in the general mind. The term " fee " implies an inheritable estate, and the addition of the word " simple," forming the compound word " fee simple," as used in " modern estates " and conveyancing, adds nothing to the force and comprehensiveness of the original term. (1 Washb. on Real Prop. 65–6.) And Mr. Washburn says that a " fee simple is the largest possible estate which a man can have in lands, being an absolute estate

in perpetuity;" and further, that " an estate in fee simple con-
veys at once the idea of an interest of unlimited duration." (*Id.*
59, 66.) Nor does the addition of the term " absolute," as
" fee simple absolute," add anything to the force and meaning
of term " fee" or " fee simple." (*Id.*) In modern estates
these several terms, " fee," " fee simple," and " fee simple
absolute " are substantially synonymous.

It is nevertheless true that an estate in fee simple may be
granted in such way and upon such conditions that it may be
defeated by the happening of some future event. But the grant
of power and authority to Mr. Jecko and his *cestui que trust*,
during the lifetime of Mr. Hume, to alien and convey, is tram-
meled with no conditions whatever. The authority is absolute
and unconditional. Nor is it perceived that the circumstance that
the estate might vest in the surviving children of Mr. and Mrs.
Hume, upon the death of the former, no conveyance in the mean-
while having been made, affects the question of the power of
alienation vested in the grantees during the life of said Hume.
The interest and estate of the children was contingent upon the
non-exercise of that power, prior to Mr. Hume's decease.

Departing from verbal criticism and the definition of technical
terms, and looking at the deed with the view to the ascertainment
of what the parties intended by it, it is manifest that the inten-
tion was to vest in the grantees therein named an absolute power
of alienation in the fee simple absolute, so that power should be
exercised during the lifetime of said John F. Hume. So much
is apparent upon the face of the instrument. Nor is this denied.
The intention being evident and conceded, that intention must
have effect in construing the instrument, although the force of
technical terms and phrases may be thereby modified, restricted,
or enlarged. Prior decisions of this court substantially settle
the principle involved in the present discussion. (McDowell v.
Brown, 21 Mo. 58; Pendleton v. Bell, 32 Mo. 100.)

The plaintiffs, in writing, contracted to sell and convey, and
the defendant contracted to purchase, the premises in question.
The purchase money was to be paid in part by a transfer of
various stocks and bonds. The plaintiffs duly tendered their

deed, to which the defendant objected on the ground of defect of title and want of power of alienation. That objection has already been considered; but the further question is started, whether a court of chancery has jurisdiction to decree specific performance in a case of this kind. No specific reason why the relief sought should not be granted is stated, and none is perceived. (Hardy v. Matthews, 42 Mo. 406; Hall v. Warren, 9 Verm. 608; Leach v. Fobes, 11 Gray, 506; Hall v. Sturdivant, 46 Maine, 34.)

With the concurrence of the other judges, the judgment will be affirmed.