ROXIE SORENSON and REBECCA LARSEN v. TRUMAN BOORAM, BYRON E. DART, ANCIL G. DART, HERSEL M. DART, ROY A. DART, GUS H. DART and TINA HUNTINGTON; TRUMAN BOORAM, Appellant.— 297 S. W. 70.

Division One, June 25, 1927.

1. **WILL: Intention.** The intention of the testator, as gathered from all the terms of the will, is to be given effect, if such intent does not run counter to an established rule of law or public policy. In ascertaining the intent, the relation of the testator to the beneficiaries named by him in his will, and the circumstances surrounding him at the time of its execution, are to be taken into consideration, and in the light of these things the will is to be read as near as may be from his standpoint.

2. ———: **Devise in Fee Simple: Cut Down by Subsequent Words.** The devise of an absolute estate in fee simple to testator's wife cannot be lessened or cut down to a less estate by language following which is not equally plain and unequivocal.

3. ———: ———: ———: **Clear Provision: Life Estate.** The testator, having been married twice and leaving surviving children by both marriages, by the first clause of his will set aside his personal property, and a tract of land not involved in this suit, to the payment of his debts. His second wife survived him, and by the second clause of his will he gave to her all his other real estate, describing it specifically, including the land in suit, and declared it was his intention to give all of said real estate "to my beloved wife to hold and enjoy absolutely in fee simple, and it is my will that my wife shall be head of the family, take charge of and direct the management of the property willed as herein set out while she may live, and at her death it is my will that the real and personal estate then on hand shall descend to and vest in all my children and grandchildren according to the law of descent and distribution." **Held,** that the words giving to

the children the estate in remainder are as clear, plain and unequivocal as the preceding words giving to his wife a fee simple estate, and the will, constructed as a whole, gave to the widow a life estate, and the remainder to the children and grandchildren of both marriages, without distinction or discrimination among them.

Corpus Juris-Cyc. References: **Wills**, 40 Cyc., p. 1392, n. 11; p. 1414, n. 26; p. 1571, n. 5; p. 1587, n. 95.

Appeal from Grundy Circuit Court.—*Hon. L. B. Woods,* Judge.

AFFIRMED.

*Lesley P. Robinson* for appellant.

(1) By the will the testator devised a fee simple estate to his wife. Roth v. Rauschenbusch, 173 Mo. 582; Small v. Field, 102 Mo. 104; Cook v. Couch, 100 Mo. 29; Cornwell v. Wulff, 148 Mo. 542; Thornbrough v. Craven, 284 Mo. 552; Roberts v. Crume, 173 Mo. 572; Yocum v. Siler, 160 Mo. 281; Middleton v. Dudding, 183 S. W. 443; Bowles v. Shocklee, 276 S. W. 17. (2) Where the words of a will at the outset clearly indicates a disposition by the testator to give the entire estate absolutely to the first donee, the estate will not be cut down to a less estate by a subsequent clause. Middleton v. Dudding, 183 S. W. 443; Yocum v. Siler, 160 Mo. 281; Sevier v. Woodson, 205 Mo. 214; Underwood v. Cave, 176 Mo. 13; Cornet v. Cornet, 248 Mo. 223; Lemp v. Lemp, 264 Mo. 548; Young v. Robinson, 122 Mo. App. 187; Jackson v. Littell, 112 S. W. 53; Gibson v. Gibson, 239 Mo. 490; Tisdale v. Prather, 210 Mo. 410; 40 Cyc. 1578. (3) The court admitted in evidence over objection of appellant certain conveyances offered presumably for the purpose of showing that Sarah S. Booram and Truman Booram claimed only an undivided interest in the lands. It is immaterial as to their interpretation of the will. The sole question is, did the testator convey by his will to his wife an absolute fee simple title. Extrinsic evidence is not admissible for the purpose of showing the testator's intention unless the provisions in the will be ambiguous. Roberts v. Crume, 173 Mo. 572.

*R. E. Kavanaugh* for respondents.

(1) The first and controlling rule in the construction of all wills, is the ascertainment of the testator's real intention, to be arrived at from the whole of the instrument itself, and in this inquiry, all of the provisions of the will are to be considered in their relation to each

other, and to the whole, giving effect to every part of the will, if possible. Mitchell v. Board of Curators, 305 Mo. 466, 266 S. W. 481; In Re McClelland's Estate, 257 S. W. 808; Murphy v. Carlin, 113 Mo. 112; Bernero v. Trust Co., 287 Mo. 602, 230 S. W. 620; McAllister v. Pritchard, 287 Mo. 494, 230 S. W. 66; Lane v. Garrison, 293 Mo. 530, 239 S. W. 813; Crews v. Crews, 240 S. W. 149; Payne v. Reece, 297 Mo. 54, 247 S. W. 1006; Northcutt v. McAllister, 297 Mo. 475, 249 S. W. 398; Cook v. Higgins, 290 Mo. 402, 235 S. W. 807. (2) The highly technical rule of law invoked by appellant—a survival of the old common law—that a fee once given, cannot be cut down to a less estate by a subsequent clause, is not the present law in Missouri; if a subsequent clause or paragraph of the will, in unambiguous terms, shows a clear intention on the part of the testator to grant a life estate, even coupled with a full power of disposal, then the intention of the testator will be given effect, and the apparent fee interest will be cut to a life estate. Payne v. Reece, 297 Mo. 54, 247 S. W. 1006; Schneider v. Kloepple, 270 Mo. 389, 193 S. W. 834; Gibson v. Gibson, 238 Mo. 490; Middleton v. Dudding, 183 S. W. 443; Cook v. Higgins, 290 Mo. 402; Cox v. Jones, 229 Mo. 53; Cornet v. Cornet, 248 Mo. 184; Trigg v. Trigg, 192 S. W. 1011; Allison v. Hitchcock, 274 S. W. 798; Walton v. Drumtra, 152 Mo. 489; Fries v. Fries, 267 S. W. 116.

LINDSAY, C.—The plaintiffs, each claiming to be the owner of an undivided one-tenth interest in 120 acres of land in Grundy County, brought their action in partition. They alleged that defendant Truman Booram owned an undivided three-fifths interest in said land, and that each of the six other defendants owned an undivided one-thirtieth interest. The trial court found their interests to be as alleged in the petition, and made its order of sale in partition.

Defendant Truman Booram, who claimed to be the sole owner of the land, appealed. All of the parties are descendants of Aaron Booram, who died in 1892, testate, and owning the lands in suit and other lands, all of which were disposed of by his will, which was duly probated.

The controversy turns upon the construction to be given to the said will, and particularly the second clause thereof. Aaron Booram was married twice, and had children by both marriages. The second wife, Sarah E. Booram, died in 1922. The first clause of the will, after providing for the erection of a monument, and that the funeral expenses, and expenses of administering his estate and his just debts should be paid out of his personal estate, continued: "And I hereby expressly direct my executor hereinafter named, to sell at public or private sale, if the personal property is not sufficient, the whole or such part of my real estate as may be sufficient for that purpose, first

selling the land in Section Eight (8) Sixty-one (61) of Range Twen-ty-five (25) in Grundy County, Missouri, or such part thereof as may be necessary.'' None of the land herein involved is in Section 8. All of the land in Section 8 was sold in settling the estate.

The second clause of the will describes all of his lands, first the land in controversy, then several other tracts situated in said Section 8, Township 61, Range 25. That clause is as follows: ''II. I give and bequeath to my beloved wife, Sarah E. Booram, all of my real estate in Grundy County, Missouri, described as follows: to-wit: [here follows description of all of said land] it being my intention to give all my real estate whether the above description is correct or not to my beloved wife to hold and enjoy absolutely in fee simple and I give and bequeath to my beloved wife all my personal estate absolutely subject, of course, to the payment of all my just debts as hereinbefore provided, and it is my will that my wife shall be the head of the family, take charge of and direct the management of the property willed as herein set out both real and personal while she may live and at her death it is my will that the real and personal estate then on hand shall descend to and vest in all my children and grand-children to-wit: Emily E. Dart, Olive Booram and Truman and Otto Booram my children, each one-fifth and Frank Brown and Julia Parker, my grandchildren, one-fifth and according to the law of de-scent and distribution.''

By the third clause he appointed his wife, Sarah E. Booram, as executrix, without bond.

The six defendants, respondents above named, are the only de-scendants of said Emily E. Dart, who was the daughter of Aaron Booram by his first marriage. The plaintiffs, also respondents here, are the only descendants of said Julia Parker, mentioned in the will as one of the grandchildren of the testator. Julia Parker and Frank Brown were the only children of a deceased daughter of Aaron Booram by his first marriage. Frank Brown died many years before the death of Sarah E. Booram, leaving no children or other descend-ants. The three children of the second marriage of Aaron Booram, children also of Sarah E. Booram, were Olive Booram, defendant Truman Booram, and Otto Booram. Otto Booram died without chil-dren or descendants, many years before the death of Sarah E. Booram. Olive Booram also died many years before the death of Sarah E. Booram, leaving as her sole heir at law her daughter, Sadie Freeman. In 1915, Sadie Freeman, by quit-claim deed, conveyed all of her interest in said real estate to defendant Truman Booram. Sadie Freeman died in September, 1916.

In the separate answer filed by him, Truman Booram alleged that by the terms of his father's will, his mother, Sarah E. Booram, took a *fee simple* estate in and to said lands. He further alleged that he had acquired all the interest of Sadie Freeman in said lands,

and was sole owner of the same. In his said answer he alleged the death of Sarah E. Booram in 1922, and further alleged that at her death she left as her only heirs, himself, her son, and said Sadie Freeman, the only child and heir of his sister Olive Booram, deceased. However, there has been filed here the stipulation of the parties stating that said Sadie Booram died in September, 1916.

The plaintiffs in their reply alleged that Truman Booram recognized at various times that plaintiffs had an interest in the said real estate under the will of Aaron Booram; that he at different times conveyed his interest therein in trust to secure indebtedness; and in other ways recognized, and offered to buy for a valuable consideration, the interest of the plaintiffs in said land; that by reason thereof, he was estopped from claiming the entire interest in said land, and from claiming that the plaintiffs have no interest therein.

Deeds of trust executed by Sarah E. Booram and Truman Booram conveying their "interest," or their "undivided interests," in the land in suit, to secure indebtedness, were introduced in evidence by plaintiffs over the objection of defendant Truman Booram, and testimony was also introduced of his efforts to purchase the interest of the plaintiffs in said land. These matters, pleaded and put in evidence as tending to show an estoppel, are not regarded as of importance, or the subject of necessary discussion here, in view of the conclusion reached as to the construction which must be given to the will of Aaron Booram.

The first consideration is to ascertain the intention of the testator, proceeding for that purpose in accordance with the rules applicable to that inquiry. Upon that question we have legislative admonition: "All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them." [Sec. 555, R. S. 1919.] The intent of the testator, as gathered from all the terms of the will, is to be given full effect, if such intent does not run counter to an established rule of law or public policy. In ascertaining the intent, the relation of the testator to the beneficiaries named by him in the will, and the circumstances surrounding him at the time of the execution of the will are to be taken into consideration; and, in the light of those things, the will is to be read as near as may be from the standpoint of the testator. [Grace v. Perry, 197 Mo. 550.]

The only question in this case is whether Sarah E. Booram took an absolute estate or an estate for life only, in the lands in suit. The provisions of Section 551, Revised Statutes 1919, are pertinent, when considering that question: "In all devises of lands or other estate in this State, in which the words 'heirs and assigns' or 'heirs and assigns forever,' are omitted, and no expressions are contained

in such will whereby it shall appear that such devise was intended to convey an estate for life only, and no further devise be made of the devised premises, to take effect after the death of the devisee to whom the same shall be given, it shall be understood to be the intention of the testator thereby to devise an absolute estate in the same, and shall convey an estate in fee simple to the devisee, for all such devised premises.''

Clause 2 of the will consists of a single sentence. It contains the statement that it is the intention of the testator to give all his real estate to his wife ''to hold and enjoy absolutely in fee simple.'' That far, the will is plain and the language so used, by itself, and in and of itself, expresses the gift of an estate in fee simple. The estate thus expressed to be given, cannot be lessened, except by language following, which, to have such an effect must be found to be as plain and unequivocal as the other. ''We take it to be well settled law that where a certain estate is granted in plain and unequivocal language in one clause of a will, the same cannot be lessened or cut down by a subsequent clause of the will, unless the language used in such subsequent clause is as clear, plain and unequivocal as the language of the first grant.'' [Sevier v. Woodson, 205 Mo. l. c. 214.]

The question then is one of determination of the intent of the testator and the nature and extent of the estate devised, as disclosed by the language of the will taken as a whole, by the relation of the testator to the persons mentioned in the will, and the other circumstances shown; and, to give effect to the intent so ascertained, if such intent does not run counter to any inflexible rule of law or of public policy.

The inquiry goes farther to determine whether the language of the subsequent clause, or here, the latter part of the sentence, is as plain, clear and unequivocal as that of the preceding portion. The testator made his wife executrix, and by the first clause of the will he expressly directed that if the personal estate was insufficient for the settlement of his estate, she should sell real estate, but in doing so, he made mention of the real estate first to be sold, being lands other than the lands in suit. Evidently he desired the 120 acres to remain unsold, and in the provision mentioned he had this land in mind in what was said later of the disposition of his lands upon the death of his wife, as the real estate ''then on hand.'' He had children born of two marriages. He made it clear that he was not discriminating between the children of his two marriages. He expressed the desire that the wife should be ''the head of the family;'' that she should ''take charge of and direct the management of the property willed as herein set out while she may live, and at her death'' the children and grandchildren should take the land then on hand. It was his ''will'' that the land ''then on hand''—

lands he desired not to be sold to pay his debts—should "descend" to and vest" in all his children and grandchildren. He made the legal rights of the members of both classes of his children, as they would stand under the laws of descent, the measure of their respective rights under his will.

The language used by the testator in the subsequent portion of the sentence is as plain, unequivocal and affirmatively strong as that in the preceding part. Taking that language and the whole of the will, it was the evident purpose of the testator that his wife should take a life estate, and that his children and grandchildren under his two marriages, without distinguishing or discriminating between them, should take the remainder.

Each case of this character must be determined upon its own peculiar facts and especially upon the particular words used in the will in the given case. A reference to all of the many cases cited in the briefs of counsel is unnecessary. Some of them, however, may be noticed. In Payne v. Reece, 297 Mo. 54, in Court en Banc, the will was somewhat similar to the one in this case. There, the language of Item 3 of the will standing alone, by force of the statute, was held to be sufficient to devise an absolute estate to the wife of the testator. Item 4 of the will in that case provided: "If any of the said property should be left at the time of the death of my wife undisposed of, it is my will that all of the property so remaining go absolutely to John E. Reece, if he be then living, and if the said John E. Reece be not living, then to his children." In that case the testator's wife predeceased him, and it was contended that the items became void, and particularly that Item 4 was too ambiguous to reduce or limit the absolute estate devised by Item 3. Nevertheless, it was held that under the terms of that will, the language of Item 4 was sufficiently plain to cut down to a life estate the interest of the wife devised under Item 3.

Another case cited is Middleton v. Dudding, 183 S. W. 443, decided in Court en Banc. In that case by the will the testator gave to his wife "as her absolute property all of my real estate." In a codicil to the will, he said: "And I further state that should my wife die without a will or having disposed of the absolute property, one-half of the above property shall go" to named beneficiaries. In that case it was held that the codicil did not lessen the estate given by the will. It was said: "So far from presenting any repugnancy the codicil explicitly recognizes the entire estate, and absolute power of disposing thereof is vested in the wife of the testator, for it only purports to create a limitation over in the event the wife shall die 'without a will or having disposed of the above property,' thus in the clearest manner conceding her unrestricted power to alien the estate during her life and after her death." It

was held that the very language of the codicil disproved any legal intention to cut down the prior fee. The force of the holding was that the testator could not, while recognizing in his codicil the full powers and estate of his wife as tenant in fee, make any disposition thereof whatever after her death because of her inaction. In the case at bar there is no uncertainty, and no contingency, nor hypothesis of inaction by the wife.

In the more recent case of Fries v. Fries, 267 S. W. 116, in one sentence the testator gave to his wife all his real estate "to have and to hold unto her own use and benefit, . . . to have full charge of all real estate, that she may at pleasure dispose, sell and convey any and all real estate if she desires to do so." The sentence immediately following ran: "And I further direct that after my decease my said wife may at her pleasure execute a will, and divide for my said children all of real estate and personal property remaining." It was held that in this subsequent sentence there was nothing precatory, but the language was purely permissive. It was said, l. c. 118: "It contributes nothing toward the implication of an intent to create a life estate; it imposes no obligation to make a will, and none, if one is made, to make it in any particular way, so far as a division of the property by it is concerned." In the case at bar, the testator did not leave it to the wife to provide for his children, but he unmistakably intended to make, and of himself did make, that provision.

The many cases cited in the briefs are illustrations of the application to the facts in each case, of the rules which have been mentioned—the rule that the intention of the testator is to be sought from the whole will and the relation and circumstances existing at the time, and is to be given full effect, unless doing so would violate an established rule of law or public policy; and the other rule, that to lessen or cut down the grant or devise of a certain estate, contained in plain language, by other language following, the language following must be as clear, plain and unequivocal as the language which preceded.

The trial court correctly construed the will in this case, and the judgment is affirmed. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur, except *Gantt, J.,* not sitting.