JENNIE VAUGHAN, Appellant, v. FRANCES C. COMPTON ET AL., Respondents, No. 41886—235 S. W. (2d) 328.

Division One, December 11, 1950.
Motion for Rehearing or to Transfer to Banc Overruled, January 8, 1951.

*Chas. L. Graham, Christian F. Stipp* and *Graham & Stipp* for appellant.

*John Franken* and *W. A. Franken* for respondents.

[329] CONKLING, P. J.—Jennie Vaughan (plaintiff-appellant and hereinafter called plaintiff) has appealed from the adverse judgment of the circuit court in her action brought to determine the title to certain real estate in Carroll County, Missouri. The question of law here presented to us arises from the construction of the will of Lockie A. Cook, as to whether her husband, Dr. R. F. Cook, under her will took an estate in fee simple absolute in her real estate under Item 8 of her will, or, whether under Item 8 and Item 9 of her will testatrix' husband took only a life estate therein because Item 9 was effectual as a limitation upon the estate granted by Item 8.

The facts of the case stand admitted. Dying testate on July 8, 1939, Lockie A. Cook was then seized of certain real estate. She was survived by her husband, Dr. R. F. Cook, and by the defendants, her sister Frances Austin Compton and her nieces and nephews named in Item 9 of her will. She left no children or descendants of any predeceased children. Her estate was settled and her executor discharged on May 7, 1941.

Items 8 and 9 of the will of Lockie A. Cook, the only portions pertinent to the instant controversy, were as follows:

"Item 8: If my beloved husband, Dr. R. F. Cook, should survive me, then I give, devise and bequeath to my beloved husband, Dr. R. F. Cook, all of the rest, residue and remainder of my estate, absolutely and in fee simple, with the right to sell, use and otherwise dispose of said property.

"Item 9: At the death of my beloved husband, Dr. R. F. Cook, if he should survive me, or at my death if he should predecease me, I give all of the property that I may own at my death that may not have been disposed of by my beloved husband during his lifetime, as follows: I give, devise and bequeath the property

remaining at the death of Dr. R. F. Cook, if he should survive me, and at my death [330] if he should predecease me, to my sister, Frances Compton, my niece, Frances Compton; my niece, Mary C. Austin; my niece, Mary Frances Austin; my nephew, Fla Williams; my nephew, Joe Williams; my niece, Charlotte Jane Austin, my nephew, Harvey B. Austin; and my nephew, Homer P. Austin; absolutely and in fee simple, share and share alike.''

In 1944, Dr. R. F. Cook sold and conveyed by warranty deed a portion only of the real estate he received under Item 8 of the will of his wife. In 1948 Dr. R. F. Cook died intestate and left surviving him as his only heir at law his sister, Jennie Vaughan, plaintiff herein.

It is plaintiff's contention that under the will of Lockie A. Cook, the husband of testatrix, Dr. R. F. Cook, took the absolute fee simple title to all of his wife's real estate, and, that upon his death intestate, plaintiff, as the sole and only heir of Dr. R. F. Cook, became the owner of the real estate here in controversy. Defendants claim title to the real estate in controversy under the will of Lockie A. Cook, and particularly Item 9 thereof, because, it is contended by defendants, Item 9 was a ''remainder over in the event he (Doctor Cook) did not exercise the power'' of sale. The trial court decreed that Dr. R. F. Cook, under his wife's will took her ''said real estate * * * for and during his natural life with the right to sell and dispose of the same;'' that plaintiff had no right, title or interest therein, and that defendants were the owners thereof.

By R. S. Mo. 1939, § 568, Mo. R. S. A., we are admonished that, ''All courts * * * shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them.'' Such true intent, as gleaned from any will, must be determined from the entire instrument, and must of course be enforced unless it conflicts with public policy or positive law. Smith v. Smith, 359 Mo. 44, 220 S. W. (2d) 10, 12, Mace v. Hollenbeck, (Mo. Sup.) 175 S. W. 876, 877. And in determining the intention and meaning of a testatrix the court may look only to the will and cannot undertake to explore the testatrix' mind other than as evidenced by the expressions used in the will itself. Under these circumstances any conclusion as to what any testatrix may have had in mind must be based upon the legal effect of the language she used in the will itself. Middleton v. Dudding, (Mo. Sup.) 183 S. W. 443.

Inasmuch as plaintiff contends that under the will of testatrix Dr. R. F. Cook took an absolute and indefeasible estate in fee simple, and, inasmuch as the trial court decreed that under the will Doctor Cook took only a life estate with power of disposal, we first consider what estate was actually passed by Item 8, above. Plaintiff relies primarily upon the four following cases: Roth v. Rauschenbusch,

173 Mo. 582, 73 S. W. 664, Jackson v. Littell, 213 Mo. 589, 112 S. W. 53, Middleton v. Dudding, supra, and Palmer v. French, 326 Mo. 710, 32 S. W. (2d) 591, and cites many cases which it is claimed follow the rule of the four just above cited cases. And see also, 11 Law Series, Missouri Bulletin, p. 37 et seq. It is contended by plaintiff that the words in Item 8, above, "absolutely and in fee simple" of themselves conveyed *not* a life estate to testatrix' husband, but that the words conveyed a fee simple title.

It is well settled in Missouri that in wills the use of the words "heirs and assigns" is not necessary to convey a fee simple title. Roth v. Rauschenbusch, supra, and Jackson v. Littell, supra. And it is likewise well settled that, generally, a devise in a will of property "absolutely in fee simple", as in Palmer v. French, supra, or, "absolutely and forever", as in Roth v. Rauschenbusch, supra, or "as her absolute property", as in Middleton v. Dudding, supra, and Weller v. Searcy, 343 Mo. 768, 123 S. W. (2d) 73, or "absolutely and in fee simple", is sufficient to convey a fee simple title.

It is insisted by plaintiff that the use in Item 8 of the instant will of the words, "with the right to sell, use or otherwise dispose of said property," is likewise sufficient of itself to convey a fee simple title, citing Cornwell v. Wulff, 148 Mo. 542, 50 S. W. 439, Chapman v. Chapman, [331] 336 Mo. 98, 77 S. W. (2d) 87, and 19 Am. Juris., Estates, p. 575. It is the rule in Missouri that a devise of land which is in no wise limited as to enjoyment or duration, and which carries with it an absolute power and "right to sell, use or otherwise dispose of said property" conveys a fee simple title. Presbyterian Orphanage of Missouri v. Fitterling, 342 Mo. 299, 114 S. W. (2d) 1004, 1007, Pratt v. Saline Valley Ry. Co., 130 Mo. App. 175, 108 S. W. 1099.

It is plaintiff's further position that inasmuch as in Item 8 above testatrix used the words, "absolutely and in fee simple," *and also* used the words, "with the right to sell, use and otherwise dispose of said property" that the quantum of estate thereby conveyed by testatrix to her husband was a "fee simple absolute". But with or without the use of the additional words, "with the right to sell, use and otherwise dispose of said property", the estate which passed to testatrix' husband by Item 8 was one in fee simple absolute. The last quoted words have no magic to create, and none to detract from or lessen, the estate passed to the husband by the other words used by testatrix in Item 8. The words "and *otherwise* dispose of said property", used in the sense and context appearing in Item 8 are, however, a recognition by testatrix that the quantum of the estate which she had already passed to her husband by using the words, "absolutely and in fee simple" in Item 8 was such an estate as Doctor Cook could pass by his will.

■ It may be conceded that when property is devised in general terms, and without the use of any qualifying words denoting that a specific quantum as to estate is being conveyed, that such estate may be later limited or converted to a life estate by the further use of other words or clauses implying that of necessity the estate granted is only for the life of the devisee, with a remainder over to certain named others. Burnet v. Burnet, 244 Mo. 491, 148 S. W. 872, and cases cited. But such a limitation over must clearly appear, and the expressions and words used to denote such limitation over must be not only free from ambiguity but must exclude any other construction. Middleton v. Dudding, supra. The intention to create an estate subject to a condition or qualification "must be definitely and clearly shown by the use of apt and sufficient words" not inconsistent with the other words of the instrument. 4 Thompson on Real Property, pp. 572, 573.

In Item 8 of this will testatrix gave the residue of her estate to her husband "absolutely and in fee simple, with the right to sell, use and otherwise dispose of said property." At testatrix' death under her will, her husband unquestionably took her estate in fee simple absolute. Middleton v. Dudding, supra. The words used by her in Item 8 were impossible of misunderstanding and were wholly free from any ambiguity. The estate given by Item 8 was "the highest form of tenure known to the law." No tenure can be higher or more complete than when it is absolute. An estate which is absolute is free from restriction, limitation, condition, qualification or any imperfection whatever. If absolute it is indefeasible and not subject to be divested or limited or cut down. One who has an absolute estate may do with it what he desires. He may sell it, or use it up; he may keep it and, dying intestate, let it pass to his heirs; or he may pass title to it by his will. No estate can be greater than an estate which is absolute. A fee simple absolute includes the entire title; it is the most extensive interest one may have in property, comprehends an absolute estate in perpetuity, and is potentially infinite. In modern concepts these several terms, "fee", "fee simple", and "fee simple absolute" are substantially synonomous. Jecko v. Taussig, 45 Mo. 167, Middleton v. Dudding, supra, Lemp v. Lemp, 264 Mo. 533, 175 S. W. 618. See also, Rathbun v. State, 284 Mich. 521, 280 N. W. 35, United States v. Sunset Cemetery Co., 132 Fed. (2d) 163, Chidester v. City of Newark, 31 Fed. Supp. 892, 19 Am. Juris., Estates, p. 472, Am. Law Institute, Restatement, Property, § 15, p. 42.

Instead of Item 9 limiting or undertaking to cut down the estate passed in Item 8 (as contended by defendants), it is [332] clear that Item 9 recognizes the estate passed to Doctor Cook by Item 8 as absolute. This is true because Item 9 speaks only of property that "may not have been disposed of by my beloved husband during

his lifetime." And Item 8 passed an estate to Doctor Cook which he could "otherwise (i. e. by will) dispose of." Item 9, of itself, and standing alone, thus recognizes and affirms the absolute character of the estate passed by Item 8, and nowhere seeks to limit or cut down any of the qualities or perfections of the absolute estate theretofore granted. We believe that testatrix actually *intended* to give her husband an absolute estate, and that she clearly did so.

But if testatrix thought (erroneously) that (by the will now before us) she could direct the ultimate disposition of property her husband did not dispose of, her dearth of exact legal information in that respect does not free us to follow her uninformed conceptions. We are legally bound by the language testatrix used in her will. We cannot write a new will for her. We can neither ignore its unambiguous words nor under the guise of interpretation strike from Item 8 of her will the words "absolutely and in fee simple." Those words mean just what they say. And having granted to her husband in Item 8 of her will an estate in fee simple absolute, testatrix had nothing left which was subject to special limitation, condition subsequent or executory devise. We cannot, for testatrix or for defendants, now write into Item 9 of the will any words or any expression implying that the estate granted in Item 8 was only for the life of her husband, with a remainder over. Any such implication must have been written into her will by testatrix. And the law requires such an implication to be free from any ambiguity and to exclude any other possible construction. Middleton v. Dunning, supra.

Defendants' contention that the trial court correctly decreed that the estate granted in Item 8 was only a life estate with the right to sell and use the property, seems founded upon their argument that the language of Item 9 is as clear, plain and unequivocal as the language in Item 8. Defendants contend that Item 9 "was a valid gift to the remaindermen mentioned in Item 9." We concede that the words, "absolutely and in fee simple" appear in each Item 8 and Item 9 of the will. But the rule contended for by defendants, correctly stated, is that "the devise of a fee in terms, or by words necessarily describing an absolute estate cannot be annulled except by later language in the will, which expressly or by necessary implication, arising from words equally as clear and conclusive as those in granting the (first) fee, cuts down the previous grant of the fee." Presbyterian Orphanage of Missouri v. Fitterling, supra, Palmer v. French, supra, Middleton v. Dudding, supra. Defendants rely upon such cases as Glidewell v. Glidewell, 360 Mo. 713, 230 S. W. (2d) 752, Sorenson v. Booram, 317 Mo. 516, 297 S. W. 70, and Blumer v. Gillespie, 338 Mo. 1113, 93 S. W. (2d) 939, and Gibson v. Gibson, 239 Mo. 490, 144 S. W. 770. The facts of those four cases and the words and contexts there considered

would readily distinguish them if the last above quoted rule for which defendants contend was here applicable or determinative. But that rule is not here applicable. For that rule to apply, the will must contain later language, ''which expressly or by necessary implication, arising from words equally as clear and conclusive as those in granting the fee, cuts down the previous grant of the fee.''. As hereinabove pointed out this will contains no such language. Nothing in this will carries any such implication. On the contrary, the language of Item 9 recognizes and affirms the absolute character of the estate passed by Item 8. And that in each Item 8 and Item 9 appear the words ''absolutely and in fee simple'' is neither persuasive nor determinative. Those last quoted words in the context of Item 9 but characterize tenure. They do not even attempt or pretend to limit or cut down the estate granted to Doctor Cook. We hold that nothing in Item 9 qualified or in any wise restricted the absolute estate granted to Doctor Cook in Item 8.

[333] It follows from the above that the trial court erred in decreeing that by the will of testatrix her husband took an estate in her real property ''for and during his natural life with the right to sell and dispose of the same,'' and that plaintiff has no right, title or interest in the real estate in controversy. The decree appealed from is reversed, and the cause is remanded to the trial court with directions to the trial court to enter a decree quieting title in plaintiff and adjudging plaintiff to be the owner of said real estate. It is so ordered. All concur.