## CHIDESTER et al. v. CITY OF NEWARK et al.

No. 7449.

Circuit Court of Appeals, Third Circuit.

Feb. 6, 1941.

Henry Ewald, of Jersey City, N. J. (Holmes, Rogers & Carpenter, Charles Potter Rogers, Oliver C. Carpenter, and

Wm. E. Clark, all of New York City, on the brief), for plaintiffs-appellants.

William H. Speer, of Newark, N. J., for appellee Public Service Co-ordinated Transport.

James F. X. O'Brien, of Newark, N. J. (Thomas M. Kane, of Newark, N. J., on the brief), for appellee City of Newark.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The appellants contend that they are entitled to reversionary rights in certain real estate in Newark, New Jersey. An ancestor of the appellants, James Searing, conveyed these lands to the Morris Canal and Banking Company by three deeds, the earliest of which was dated January 11, 1830. They argue that because the habendum clause of this deed gave the lands to the Canal Company [1] so long as they should be used for the purposes of the Canal Company and because the canal has been abandoned and conveyed to the State of New Jersey for the benefit of the City of Newark [2] the reverter in the habendum clause has served to revest title in the heirs of Searing.

The appellees filed an answer to the amended complaint and upon the suggestion of counsel and pursuant to a stipulation the deeds in question were in effect introduced in evidence. The trial court then adopted the course, apparently pursuant to the agreement of counsel, of construing the language of the deeds "pending the taking of testimony and for the purpose of clarifying the issues which may be raised at the trial" and as stated by the order of the court "in order to avoid loss of time and expense * * *". The learned trial judge thereupon gave his opinion that the deeds upon which the appellants relied reserved no reversionary rights and entered judgment accordingly. Thereafter, in response to demands for oyer and for a bill of particulars, the pleadings were amplified by muniments of title which indicated clearly that the lands subject to the dispute were being used as the road-bed of a street railway. So far as appears no further steps were taken and the appeal at bar followed forthwith.

Putting to one side any questions which might be raised as to indispensable parties plaintiff, we would conclude that the court below was bound by the decision of the Supreme Court of New Jersey in Graf v. City of Newark, 124 N.J.L. 312, 11 A.2d 764, (filed one day after the filing of the opinion in the case at bar) and would affirm the judgment appealed from if it appeared from the record that Searing's heirs stood in like position with the heirs in the cited case. There has been no trial of the cause, however. No evidence other than as indicated has been introduced and substantial questions may remain undetermined.

The trial court did not render judgment upon the pleadings but rendered it upon what may be only a portion of the case. It appears from the very order of the court that the record is incomplete. Upon its face, however, the judgment purports to divest the appellants of all rights in the property. It is, therefore, an appealable judgment in so far as they are concerned. See 28 U.S.C.A. § 225. Accordingly we reverse it and remand the cause to the end that the parties may have their day in court.

JONES, Circuit Judge (concurring).

In so far as the judgment which this court now enters adjudicates that the judgment below for the defendants on the merits was premature, I concur therein, reserving, however, any expression with respect to the question, although not raised by the parties, whether federal jurisdiction of the action has been competently invoked under the facts appearing of record. Persons, other than the plaintiffs, interested also in one and the same title as like heirs at law of the common ancestor, have been amended out of the original complaint because their presence would oust federal jurisdiction. If their interests are joint with the plaintiffs', within the contemplation of Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, then their joinder is required. Moore's Federal Practice (1938), Vol. 2, p. 2142. Absence of necessary or indispensable parties does not operate to save the diversity of citizenship essential to jurisdiction.

---

[1] The Act of the Legislature of New Jersey, P.L.1824, p. 158, incorporating the Canal Company was recited in the deed.

[2] See also P.L.1922, p. 367, N.J.S.A. 13:12-2, and P.L.1924, p. 151.