## HARRISON CENTRAL CORPORATION v. UNITED STATES.

### Civil Action No. 1066.

District Court, D. New Jersey.

Jan. 18, 1944.

Benjamin B. Feinfeld, of Newark, N. J., for plaintiff.

Joseph Kraemer, Sp. Asst. to Atty. Gen., and Marvin J. Sonosky, Atty., Department of Justice, of Washington, D. C., for the United States.

FAKE, District Judge.

The issues here to be disposed of arise on a motion made by the defendant for summary judgment in its favor under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it being asserted that there are no genuine issues as to any of the material facts.

The complaint discloses that plaintiff was the successful bidder at an auction sale covering the old Post Office site on Broad Street in the City of Newark, and thereafter on July 14, 1937, entered into a written contract of sale with the defendant. Plaintiff prays that the contract be reformed in three particulars founded upon the theory of mutual mistake.

1. That paragraph 1 be amended to read: "The Government agrees to sell

472

and convey to the purchaser upon the terms and conditions hereinafter set forth, the following described property, subject to outstanding taxes, liens or other encumbrances, if any." The contract now reads exactly as above, except that in the proposed amendment the words "and convey" are added after the words "to sell". Such an amendment is wholly unnecessary since "to sell" as used in the contract clearly contemplates a deed of conveyance. On this point reasonable minds cannot differ.

2. That the description of the property to be conveyed be amended to include a clause as follows: "including all the right, title and interest of the Government in any street upon which the herein described property abuts." It appears from the pleadings and the annexed exhibits that such an amendment would amount to forcing upon the defendant quite a different contract than that on which the parties had agreed. It attempts to bring in property extending beyond the mete and bound description. It is not necessary to pass upon the question as to whether the deed of quit claim, as provided in the contract, would carry to the middle of the streets involved, since whether it would or not, this Court is powerless to re-write the contract for the parties when it appears upon the record that if there was any mistake it was not one relating to the terms of the contract, but to a condition of title which might have been covered by the contract but was not.

As to the effect of the habendum clause limiting the estate passing under the granting clause in the deeds to the City of Newark, see Chidester et al. v. City of Newark, D.C., 31 F.Supp. 892, and the opinion thereon in 3 Cir., 117 F.2d 981.

3. Plaintiff seeks to have the contract reformed to provide for the delivery of a bargain and sale deed in lieu of a quit claim deed on the ground of mutual mistake. A reading of the exhibits annexed to the pleadings indicate that a mutual mistake on this point was impossible, both parties were aware of the provision for the quit claim deed and the exhibits disclose that whatever may have been the mistake of the plaintiff, there was no mistake on the part of the defendant, hence no mutuality of mistake arose. However, it is not necessary to set the issue at rest on that ground alone. A quit claim deed in New Jersey, delivered under the terms and conditions of the contract herein, would convey all that might pass under a bargain and sale deed. N.J.S.A. 46:5–1 to 46:5–3, inclusive.

Judgment final will be entered with costs against the plaintiff in favor of the defendant.